**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE CONNER
06 CIV. 3460

ROBERT KLEIN, on behalf of himself and all others similarly situated,

        Plaintiff,

-against-

RYAN BECK HOLDINGS, INC., RYAN, BECK & CO., INC., and BANKATLANTIC BANCORP, INC.,

        Defendants.

Index No.

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

  Plaintiff Robert Klein, by his attorneys, alleges this class action complaint for himself and on behalf of all others similarly situated, based; (i) upon his own personal knowledge; (ii) his own acts and the acts and statements of any above-named defendants in which plaintiff participated directly, including the communications with, representations made, and documentation and information provided to plaintiff by any defendant in the ordinary course of business; and (iii) the investigation of his counsel. Counsel's investigation conducted on plaintiff's behalf, included, among other things: (i) an analysis of publicly-available news articles and reports; (ii) a review and analysis of public filings, including but not limited to any by defendants, and (iii) other matters of public record. The allegations as to all other matters are based upon investigation by plaintiff's attorneys and research of the applicable law with respect to the claims asserted herein.

## SUMMARY OF CLAIMS

  1. This is a class action brought on behalf of plaintiff, a securities broker, and two classes of similarly situated persons composed of i) all employees or former employees of defendants, who have worked for defendants and who are or were engaged in, or are or were

training to be in, the business of selling securities, and who have taken or have trained to take registration examinations, at any time after May 5, 2004 (the "Federal Class" and the "Class Period"); and ii) all employees or former employees of defendants who have worked for defendants in New York state and who are or were engaged in, or are or were training to be in, the business of selling securities, and who have taken or have trained to take registration examinations, at any time after May 5, 2000 (the "New York Class" and, together with the Federal Class, the "Classes").

2. Defendants violated Section 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (2005) by not paying the Federal Class overtime pay for a work week longer than forty hours.

3. Defendants violated the rights of the New York Class under New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations ("NYCRR") as follows:

    a. Defendants violated 12 NYCRR § 142-2.2 that requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek.

    b. Defendants violated New York Labor Law Section 193 by impermissibly deducting monies from the compensation of certain New York Class members to pay for support staff and other overhead expenses.

4. As a result of defendants' violation of the FLSA and New York labor laws, plaintiff and the members of the Classes were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

6. Venue is proper under 28 U.S.C § 1391(b)(1) because the defendant Ryan Beck resides in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiff is also a resident in the district.

## PARTIES

7. Plaintiff Robert Klein is a resident of Westchester County.

8. Plaintiff was employed as a securities broker by defendants from April of 2002, through March 30, 2004. Prior to April of 2002, plaintiff was employed by Gruntal & Co., and joined Ryan Beck when it purchased certain assets and related entities from Gruntal & Co.

9. During the relevant time period, plaintiff was not a "professional" as defined in 12 NYCRR § 142-2.14(c)(4)(iii), nor did plaintiff perform executive or administrative functions as defined in 12 NYCRR §§ 142-2.14(c)(4)(i), 142-2.14(c)(4)(ii).

10. Defendant Ryan Beck & Company, Inc. ("Ryan Beck") provides financial advice and other services to individuals, institutions and corporate clients through approximately 1,100 employees in 43 locations in 14 states including New York. Ryan Beck's principal executive location is 18 Columbia Turnpike, Florham Park, New Jersey 07932.

11. Ryan Beck is a member of the National Association of Securities Dealers, and is registered with the Securities and Exchange Commission. Ryan Beck acts as an "introducing" broker -- its client accounts are held by, and its trading activity is cleared through Pershing LLC (a subsidiary of The Bank of New York), which acts as its "clearing broker."

12.   Ryan Beck Holdings, Inc. ("Ryan Beck Holdings") was formed in 2003 to serve as the holding company for Ryan Beck. Ryan Beck Holdings is incorporated under the laws of the State of New Jersey, and also maintains its principal executive offices at 18 Columbia Turnpike, Florham Park, New Jersey 07932.

13.   BankAtlantic Bancorp, Inc. ("BankAtlantic Corp.") is a Florida-based financial services holding company which owns BankAtlantic and Ryan Beck Holdings, Inc., the parent company of Ryan Beck. Through its subsidiaries, BankAtlantic Corp. provides financial products and services encompassing consumer and commercial banking, wealth management and investment banking. BankAtlantic Corp. reports its operations through three business segments consisting of BankAtlantic, Ryan Beck Holdings and BankAtlantic Corp., the parent company. BankAtlantic Corp. is incorporated in Florida, and maintains its principal place of business at 2100 West Cypress Creek Road, Ft. Lauderdale, Florida, 33309.

## CLASS ACTION ALLEGATIONS

14.   Plaintiff brings this action on behalf of himself and the Federal Class pursuant to FLSA § 216(b) and on behalf of the New York Class pursuant to Federal Rule of Civil Procedure 23.

15.   Each of the Classes is composed of hundreds of individuals, the joinder of whom in one action is impracticable, and the disposition of their claims in a class action will provide substantial benefits both to the parties and the Court. Each of the Classes is sufficiently numerous, since it is estimated that each contains hundreds of people employed by the defendants during the Class Period.

16.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to each

of the Classes predominate over questions which may affect only individual members of each of the Classes, including the following:

    a.    Whether defendants failed to adequately compensate the members of the Federal Class for overtime hours worked as required by the Fair Labor Standards Act, 29 U.S.C. § 207, and failed to adequately compensate the members of the New York Class for overtime hours worked as required by the NYCRR § 142-2.2 because plaintiff and the members of the Classes are not exempt employees under the Fair Labor Standards Act or New York Labor Law and NYCRR § 142-2.2.

    b.    Whether defendants deducted monies from the New York Class members' wages to pay for support staff and other overhead expenses in violation of New York Labor Law § 193.

    c.    Whether the members of the Classes have been damaged and, if so, the extent of such damages.

17.    As an employee of defendants, which failed to compensate plaintiff adequately for overtime, and improperly charged him for expenses, plaintiff is asserting claims that are typical of the claims of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes and has no interest antagonistic to those of the other members of the Classes. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

18.    Plaintiff and the other members of the Classes have suffered damages as a result of defendants' unlawful conduct. Because of the size of the claims of individual members of the Classes, few, if any, members of the Classes could afford to seek legal redress for the wrongs

complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the members of the Classes likely will not obtain redress of their injuries and defendants will retain the proceeds of their violations of FLSA § 207, New York Labor Law § 193 and NYCRR § 142-2.2.

## THE FACTS CONSTITUTING THE CLAIM

19. Plaintiff worked for defendants as a securities broker.

20. Plaintiff's primary duties included (but were not limited to) selling securities, assuring that client trades were successfully processed, making "cold calls" and engaging in other activities to develop and service a book of business. A "cold call" is a phone call to an individual who had not been previously identified as a potential "lead."

21. As a securities broker, plaintiff received a commission on sales. Under federal and New York state law, compensation in the form of commissions is a "wage" for purposes of the overtime laws.

22. Defendants did not pay plaintiff for hours worked above 40 hours per week, as required by law.

23. Plaintiff regularly worked in excess of 40 hours per week.

24. After the markets closed at 4 p.m. New York time, it was routine for plaintiff to continue to contact his own clients and potential clients and to complete necessary paperwork for several hours. Plaintiff also routinely made calls well after the market closed to potential clients in the Western United States where time differences made such a practice possible.

25. Plaintiff regularly attended meetings at local restaurants and the local library, many of which he paid for without reimbursement.

26. Defendants paid inside commission brokers solely on a 40-hour per week basis, and failed to pay those members of the Classes for overtime hours worked.

438012                                      6

27. Defendants knew that the normal course of conduct for plaintiff and the members of the Classes routinely included working more than 40 hours per week.

28. Defendants knew that it was not paying plaintiff and the members of the Classes for hours worked in excess of 40 hours per week.

29. With respect to defendants' employees who were commission brokers, defendants impermissibly and unlawfully deducted from, or caused to be deducted from employees' wages compensation for (among other things, but not limited to these items) the salary and other overhead associated with the broker's assistant, messenger services and salary "increments" for other support personnel.

30. Plaintiff also paid his own way when he met with clients, and paid for expenses such as meals for his clients without reimbursement by defendants.

31. Plaintiff paid for messenger services and overnight mail delivery in connection with servicing his clients and obtaining new clients without reimbursement by defendants.

32. In addition, as a result of the improper reduction in compensation described herein, the pensions of members of the Classes were reduced since the level of pension depended upon the level of compensation.

33. Members of the Classes who were "trainees" received a fixed salary.

34. A trainee was an employee of defendants who was learning the business of selling securities and was preparing to take certain examinations required of securities brokers.

35. A trainee routinely remained in that position for approximately one to two years. If after that time he or she did not have a sufficiently large book of business he or she would lose his or her job.

36.  Trainees routinely arrived at work at about 7:00 a.m. and did not leave work until well after the 4:00 p.m. closing.

37.  In addition, trainees routinely worked during the evening hours and on Saturdays.

38.  Plaintiff and the members of the Federal Class were not "professionals" and did not perform executive or administrative functions as defined by the FLSA.

39.  Plaintiff and the members of the New York Class were not "professionals" as defined by 12 NYCRR § 142-2.14(c) (4) (iii), and did not perform executive or administrative functions as defined in 12 NYCRR §§ 142-2.14(c)(4)(i) and 142-2.14(c)(4)(ii).

40.  Plaintiff and the other members of the Classes were not, and are not, outside salesmen as defined in the FLSA since they performed their sales functions inside defendants' offices.

## FIRST CAUSE OF ACTION
### Restitution for Failure to Pay Overtime to the Federal Class
### (Violation of FLSA § 207)

41.  Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

42.  Section 207 of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

43.  Section 207 of the Federal Fair Labor Standards Act provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) of this section [mandate to compensate employees for overtime] by employing any employee of a **retail or service establishment** for

> a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207 (2005) (emphasis added).

44. The Section 207 exemption does not apply because brokerage houses do not qualify as "retail or service establishments." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207 exemption] does not apply." 29 U.S.C. § 779.317 (2005). Included in that list is "brokers, custom house; freight brokers; stock or commodity brokers, [and] ... securities dealers." *Id.*

45. Section 213 of the Federal Fair Labor Standards Act provides that the overtime pay requirement does not apply to:

> (a)(1) any employee employed in a bona fide **executive, administrative**, or **professional capacity** (including any employee employed in the capacity of academic administrative personnel or teacher in elementary school), or in the capacity of **outside salesman** (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his work week which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 percent of his hours worked in the work week are devoted to such activities).

29 U.S.C. § 213 (2005) (emphasis added).

46. The Section 213 exemption for employees employed in a professional capacity is inapplicable because, as the courts have held, securities brokers who receive compensation in the form of commission are not employed in a bona fide professional capacity.

47. The professional exemption does not apply to the plaintiff or the members of the Federal Class because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

48. In addition, the occupation must be recognized generally as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. In this case, there is no generally recognized advance degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of defendants.

49. The Section 213 exemption for employees employed in the capacity of outside salesman does not apply because neither plaintiff nor the members of the Classes were, or are, outside salespersons.

50. Because plaintiff and the other members of the Federal Class were employed at the defendants' places of business, the outside salesman exemption does not apply to them.

51. The Section 213 exemption for executive or administrative personnel does not apply to members of the Federal Class since they were not responsible for the supervision of other employees of defendants.

52. There are no other exemptions applicable to plaintiff and members the Federal Class.

53. As a result of defendants' failure to pay overtime, plaintiff and the members of the Federal Class were damaged in an amount to be proven at trial.

54. Therefore, plaintiff demands that he and the members of the Federal Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

## SECOND CAUSE OF ACTION
### Restitution for Failure to Pay Overtime to the New York Class
### (Violation of NYCRR § 142-2.2)

55. Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

56. NYCRR § 142-2.2 (2005) closely tracks the language of Section 207 of the FLSA. NYCRR § 142-2.2 provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as Amended, provided, however that the exemptions set forth in Section 13(a)(2) and 13(a)(4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of Section 13 of the Fair Labor Standards Act, as Amended, except employees subject to Section 13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

NYCRR §142-2.2 (2005).

57. An employee is defined as "any person employed for hire by an employer in any employment." N.Y. LAB. LAW §190 (2005).

58. Plaintiff and all other members of the New York Class employed by defendants during the Class Period regularly works more than 40 hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of 40 hours.

59. Certain securities brokers are categorized as "commission salesmen" employees under the New York Labor Law. "Commission salesman" is defined as "any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions." N.Y. Lab. Law §190.

60. The commissions of "commission salesmen" are "wages" within the meaning of New York Labor Law § 190 and, therefore, subject to the overtime pay requirements of New York Labor Law § 193.

61. Members of the New York Class, those compensated on a commission basis as well as salaried broker trainees, are thus "employees" who receive "wages" within the meaning of New York Labor Law §§ 190(1) and 193.

62. Under NYCRR § 142-2.2, members of the New York Class, those compensated on a commission basis as well as salaried broker trainees, are not subject to the Section 207 or Section 213 exemptions of the Federal Fair Labor Standards Act.

63. In addition, 12 NYCRR § 142-2.14 limits the administrative exemption to employees whose primary duty consists of the "performance of office or non manual field work directly related to management policies or general operations *of such individual's employer*" and, unlike the federal regulations, does not include employees whose primary duty is to perform support functions for the employer's *customers*.

64. Employees whose primary duty is to perform support services for the defendants' customers, for which defendants are paid, are production employees not entitled to the administrative exemption. Specifically, the last sentence of 29 C.F.R. § 541.203(b) states that

"an employee whose primary duty is selling financial products does not qualify for the administrative exemption."

65. A defendant bears the burden of proving that its employees fall within an exemption enumerated in 12 NYCRR § 142-2.14.

66. Because the provisions of the exemption are cumulative, each of the prerequisites must be satisfied, and thus, the absence of one of the requirements for the exemption ends the inquiry.

67. Plaintiff and members of the New York Class do not meet the definition of an administrative employee contained in 12 NYCRR § 142-2.14 because their primary duty does not "consist of the performance of office or non manual field work directly related to management policies or general operations of such individual's employer," but rather the sale of financial products to the employer's customers.

68. There are no other exemptions potentially applicable to plaintiff and members of the New York Class.

69. As a result of defendants' failure to pay overtime, plaintiff and the members of the New York Class were damaged in an amount to be proven at trial.

70. Therefore, plaintiff demands that he and the members of the New York Class be paid overtime compensation as required by New York Labor Law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

## THIRD CAUSE OF ACTION
### Impermissible Deductions from Employees' Wages
### (New York Labor Law § 193)

71.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

72.     New York Labor Law expressly prohibits employers from making unauthorized deductions from employees' wages.

73.     New York Labor Law § 193 provides:

> **Deductions from wages**:
>
> 1.      No employer shall make any deduction from the wages of an employee, except deductions which:
>
>> a.  are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
>> b.  are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.
>
> 2.      No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. LAB. LAW § 193 (Consol. 2004)

74.     Thus, Section 193 prohibits deductions from employees' wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to the enumerated categories of permissible deductions.

75. Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. LAB. LAW § 190(1) (Consol. 2004).

76. Deduction of overhead expenses provides a direct benefit to the employer, and only indirectly and tenuously benefits the employee. Furthermore, payment of the employer's overhead expenses certainly may not be likened to deductions for insurance or investment programs that are acceptable under the statute.

77. Thus, the deductions at issue violate Section 193 because they are neither for the benefit of the employee nor of a type allowable under the statute.

78. As a result of defendants' improper deductions from compensation, plaintiff and the members of the New York Class were damaged in an amount to be proven at trial.

79. Therefore, plaintiff demands that defendants reimburse any members of the New York Class from whom it improperly withheld a portion of their compensation in order to pay overhead expenses of the defendants, plus interest and attorneys' fees as provided by law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, on behalf of himself and other members of the Classes defined herein, pray for judgment and relief as follows:

1. An order certifying that the action may be maintained as a class action on behalf of the Classes;

2. Compensatory damages at one and one half the regular rate of pay for all hours worked in excess of forty a week in an amount to be proven at trial;

3. Compensatory damages for improper deductions from compensation in an amount to be proven at trial;

4. Disgorgement of profits derived from defendants' improper use of funds due and owed to plaintiff and the members of the Classes;

5. Reasonable attorneys' fees;

6. Costs of this suit;

7. Pre- and post-judgment interest;

8. Such other and further relief as the Court may deem necessary and appropriate; and

9. No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

Dated: New York, New York
       May 5, 2006

By: _____
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Jeffrey G. Smith (JS 2431)
Robert Abrams (RA 7559)
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Fax: (212) 545-4653

**MURRAY FRANK & SAILER LLP**
Jacqueline Sailer (JS 9020)
275 Madison Avenue - Ste. 801
New York, New York 10016
Telephone: (212) 682-1818
Fax: (212) 682-1892

Attorneys for the Plaintiff

438012