LAW OFFICES OF
**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK 10178
(212) 309-6000
FAX: (212) 309-6001

ATTORNEYS FOR DEFENDANT RYAN BECK & CO., INC. and
 RYAN BECK HOLDINGS, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| ROBERT KLEIN, individually and on behalf of all others similarly situated, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| RYAN BECK HOLDINGS, INC., and RYAN BECK & CO., INC. | : |
| | : |
| Defendants. | : |

06 CV 3460 (WCC)

*ELECTRONICALLY FILED*

------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
## RYAN BECK & CO., INC. AND RYAN BECK HOLDINGS, INC.'S
## MOTION TO DISMISS THE AMENDED COMPLAINT

**Of Counsel:**

Christopher A. Parlo
Christopher K. Ramsey

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS .......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................... 2

I.     PLAINTIFF'S STATE LAW CLASS CLAIM SHOULD BE DISMISSED BECAUSE IT VIOLATES CPLR SECTION 901(b) ......................................... 2

     A.    CPLR Section 901(b) Bars Plaintiff's Class Claim Under The Labor Law ................................................................................................ 4

     B.    Plaintiff Cannot Avoid The Effect Of Section 901(b) By Attempting To Waive His Claim For Liquidated Damages Under The New York Labor Law ................................................................................................ 6

II.    PLAINTIFF'S STATE LAW CLASS CLAIM SHOULD BE DISMISSED BECAUSE IT IRRECONCILABLY CONFLICTS WITH SUBSTANTIVE RIGHTS OF THE PARTIES ........................................................................ 11

     A.    Plaintiff Cannot Bring His Claims As An Opt-Out Class Action............ 11

     B.    Plaintiff's Opt-Out Class Claim Violates The Rules Enabling Act Because It Abridges The Substantive Rights Conferred By Section 216(b) Of The FLSA, Which Permits Opt-In But Not Opt-Out Class Actions .......................................................................................... 12

     C.    FLSA § 216(b) Creates Important Substantive Rights For Employees And Employers ................................................................................... 13

     D.    Fed. R. Civ. P. 23 Cannot Abridge These Important Substantive Rights ................................................................................................ 14

     E.    Adjudicating State Law Overtime Claims Of Absent Putative Class Members Would Impermissibly Adjudicate The Absent Class Members' Own FLSA Claims .............................................................. 20

CONCLUSION.................................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997) ............................................... 13

Aquilino v. Home Depot U.S.A., Inc., Civ. A. No. 04-cv-4100 (PGS), 2006 WL 2023539
 (D.N.J. Jul. 17, 2006) ................................................................................................. 18

Asher v. Abbott Labs., 737 N.Y.S.2d 4 (App. Div. 2002) ......................................... 6, 8

Ballard v. Cmty. Home Care Referral Serv. Inc., 695 N.Y.S.2d 130 (2d Dep't 1999) ............... 3, 6

Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211
 (2d Cir. 2003) .............................................................................................................. 4

Board of Pardons v. Allen, 482 U.S. 369 (1987) ........................................................... 7

Bradford v. Olympic Courier Sys., Inc., Slip. Op. (Sup. Ct. Kings County, Mar. 26, 1997) ....... 10

Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240 (11th Cir. 2003) ............. 12, 17

Carter v. Frito-Lay, Inc., 425 N.Y.S.2d 115 (1st Dep't 1980) ...................................... 4

Caruso v. Allnet Commc'ns Servs. Inc., 662 N.Y.S.2d 468 (1st Dep't 1997) ................. 3

Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003) .................................. 20

City of San Jose v. Superior Court, 12 Cal. 3d 447 (1974) ........................................ 10

Clark v. Experian Information Solutions, Inc., Nos. Civ. A.8:00-1217-24, 2001 WL 1946329
 (D.S.C. Mar. 19, 2001) ........................................................................................ 10, 11

Cooper v. Miller Johnson Steichen Kinnard, Inc., No. Civ. 02-1236, 2003 WL 1955169
 (D. Minn. Apr. 21, 2003) .......................................................................................... 14

Cox v. Microsoft Corp., 737 N.Y.S.2d 1 (App. Div. 1st Dep't 2002) ........................ 7, 8

De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003) ................................... 14

Debejian v. Atlantic Testing Labs., Ltd., 64 F. Supp. 2d 85 (N.D.N.Y. 1999) ........................... 16

Deeper Life Christian Fellowship, Inc. v. Sobol, 948 F.2d 79 (2d Cir. 1991) ............... 4

Dornberger v. Metropolitan Life Ins. Co., 182 F.R.D. 72 (S.D.N.Y. 1998) ................... 3

Energy Transport, Ltd. v. M.V. San Sebastian, 348 F. Supp. 2d 186 (S.D.N.Y. 2004) ............... 19

Feinstein v. Firestone Tire & Rubber Co., 535 F. Supp. 595 (S.D.N.Y. 1982).............................. 9

Foster v. The Food Emporium, No. 99 CIV 3860, 2000 WL 1737858
    (S.D.N.Y. Apr. 26, 2000)........................................................................................................ 10

Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569 (S.D.N.Y. 2004)........... 16

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91 (S.D.N.Y. 2003).................... 15

Golden Pacific Bancorp v. FDIC, 375 F.3d 196 (2004) ................................................................ 8

Gonzalez v. City of New York, 396 F. Supp. 2d 411 (S.D.N.Y. 2005) ................................. 20, 21

Harper v. Yale Int'l Ins. Agency Inc., No. 03 C 3789, 2004 WL 1080193
    (N.D. Ill. May 12, 2004) ........................................................................................................ 18

Hatfield v. Oak Hill Banks, 115 F. Supp. 2d 893 (S.D. Ohio 2000)……………………………..18

Herring v. Hewitt Assocs., Inc., No. Civ. 06-267 (GEB), 2006 WL 2347875
    (D.N.J. Aug. 11, 2006)……………………………………………………….…..…………19

Hewitt v. Helms, 459 U.S. 460 (1983) ..................................................................................... 7, 8

Himmelman v. Continental Cas. Co., No. Civ. 06-166 (GEB), 2006 WL 2347873
    (D.N.J. Aug. 11, 2006) ………………………………………………..……………………19

Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)........................................................... 15

In re Brooklyn Navy Yard Asbestos Litigation, 971 F.2d 831 (2d Cir. 1992) .............................. 4

In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig., 209 F.R.D. 323
    (S.D.N.Y. 2002)....................................................................................................................... 9

Jackson v. City of San Antonio, 220 F.R.D. 55 (W.D. Tex. 2003) ............................................. 15

Janik v. Rudy, Exelrod & Zieff, 119 Cal. App. 4th 930 (2004) ...................................................... 9

Kim v. Regents of Univ. of Cal., 80 Cal. App. 4th 160 (Cal. Ct. App. 2000).............................. 18

Lachapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975)................................................ 14

Leider v. Ralfe, 387 F. Supp. 2d 283 (S.D.N.Y. 2005) .................................................................. 7

Locklin v. Day-Glo Color Corp., 429 F.2d 873 (7th Cir. 1970).................................................... 7

Losurdo v. Asbestos Free, Inc., 1 N.Y.3d 258 (2003) .................................................................. 8

Madrigal v. Green Giant Co., No. C-78-157, 1981 WL 2331 (E.D. Wash. July 27, 1981) ... 17, 19

McGrath v. City of Phila., No. 92-4570, 1994 WL 45162 (E.D. Pa. Feb. 10, 1994) .................. 15

Moeck v. Gray Supply Corp., No. 03-1950, 2006 WL 42368 (D.N.J. Jan. 6, 2006) ............ 17, 19

Mueller v. CBS, Inc., 201 F.R.D. 425 (W.D. Pa. 2001) ................................................................ 15

Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125 (2d Cir. 1999) .................................................... 4

Paltre v. General Motors Corp., 810 N.Y.S.2d 496 (2d Dep't 2006) ............................................. 3

Parker v. Equity Advertising Agency, Inc., Mar. 10, 1982 N.Y.L.J. 11,
    col. 2 (N.Y. County 1982). ...................................................................................................... 3

Prickett v. DeKalb County, 349 F.3d 1294 (11th Cir. 2003) ........................................... 14, 19, 21

Robinson v. Sheriff of Cook County, 167 F. 3d 1155 (7th Cir. 1999) ......................................... 20

Rochlin v. Cincinnati Ins. Co., No. IP00-1898 CHK, 2003 WL 21852341
    (S.D. Ind. July 8, 2003) .......................................................................................................... 12

Rodriguez v. The Texan, Inc., No. 01 C 1478, 2001 WL 1829490
    (N.D. Ill. Mar. 7, 2001) ..................................................................................................... 17, 19

Rogers v. City of Troy, 148 F.3d 52 (2d Cir. 1998) ...................................................................... 7

Rubin v. Nine West Group, Inc., No. 0763/99, 1999 WL 1425364
    (N.Y. Sup. Ct. Nov. 3, 1999) ............................................................................................... 7, 8

Rudgayzer & Gratt v. Cape Canaveral Tour and Travel, Inc., 799 N.Y.S.2d 795
    (2d Dep't 2005) ......................................................................................................................... 3

Russo & Dubin v. Allied Maintenance Corp., 407 N.Y.S.2d 617 (N.Y. Sup. Ct. 1978)............... 7

Sandin v. Conner, 515 U.S. 472 (1995) ......................................................................................... 8

Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593 (App. Div. 1st Dep't 1998)............... 9, 11, 20

Sperry v. Crompton Corp., 810 N.Y.S.2d 498 (2d Dep't 2006) ..................................................... 3

Sun Theatre Corp. v. RKO Radio Pictures, Inc., 213 F.2d 284 (7th Cir. 1954) ............................ 7

# TABLE OF AUTHORITIES

**Page**

Tegnazian v. Consol. Edison, Inc., 730 N.Y.S.2d 183 (N.Y. Sup. Ct. 2000) ................................. 9

Thompson v. Am. Tobacco Co., Inc., 189 F.R.D. 544 (D. Minn. 1999) ....................................... 9

Tran v. Le French Baker, Inc., No. C-94-0482, 1995 WL 374342
(N.D. Cal. June 14, 1995) ...................................................................................................... 20

United States ex rel. Greenville Equip. Co. v. United States Cas. Co., 218 F. Supp. 653
(D. Del. 1962) .......................................................................................................................... 13

Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.,
370 F.3d 259 (2d Cir. 2004) ................................................................................................... 3

Watkins v. Milliken & Co., 613 F. Supp. 408 (W.D.N.C. 1984) ................................................. 15

Western States Wholesale, Inc. v. Synthetic Indus., Inc., 206 F.R.D. 271
(C.D. Cal. 2002) ....................................................................................................................... 9

Woods v. Champion Courier, Inc., Oct. 9, 1998 N.Y.L.J. 26, col. 1
(Sup. Ct. N.Y. County 1998) ............................................................................................ 4, 10

## Statutes

12 N.Y.C.R.R. 142-2.2 ................................................................................................................... 5

28 U.S.C. § 2072(b) ....................................................................................................................... 3

29 U.S.C. § 213 .............................................................................................................................. 6

29 U.S.C. § 216(b) (FLSA § 16(b) or § 216(b)) .................................................. 1, 2, 3, 7, 8, 10, 11

29 U.S.C. § 251(a)(1), (7) ............................................................................................................. 8

29 U.S.C. § 255(a) ......................................................................................................................... 19

CPLR § 901(b) ....................................................................................... 2, 11, 13, 14, 16, 18

Gen. Bus. Law § 340 ...................................................................................................................... 15

N.Y. Labor Law § 1 ....................................................................................................................... 13

N.Y. Labor Law § 198 ........................................................................................... 13, 14, 15, 16

# TABLE OF AUTHORITIES

**Page**

Pub. L. 49, Ch. 52 § 61 Stat. 84 (1947) ............................................................................ 8

## Other Authorities

93 Cong. Rec. 2182 (1947) ................................................................................................ 8

H.R. Conf. Rep. No. 80-326 (1947) .................................................................................. 8

Secretary of Labor Amicus Letter Brief in <u>Long John Silver's Rests., Inc. v. Cole</u>,
    No. 05-CV-3039 (Dec. 13, 2005) ........................................................................... 3, 4

## Rules

Fed. R. Civ. P. 23 ................................................................................... 1, 2, 4, 6, 10, 11

Fed. R. Civ. P. 23 Adv. Comm. Notes .............................................................................. 13

## PRELIMINARY STATEMENT

Plaintiff Robert Klein ("Plaintiff") has filed an Amended Complaint in which he continues to assert an <u>opt-in collective action</u> on behalf of all current and former financial consultants (also known as stockbrokers) employed by Defendant Ryan Beck & Co., Inc. ("Ryan Beck") throughout the United States, claiming that Ryan Beck and Ryan Beck Holdings, Inc. (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA") by misclassifying these employees as exempt from overtime. Amended Complaint ¶ 1. Plaintiff simultaneously seeks to bring an <u>opt-out class action</u> under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of financial consultants employed in New York, claiming that Defendants violated New York Labor Law by misclassifying these employees as exempt from overtime and by making certain improper deductions from pay. <u>Id.</u> However, Plaintiff's attempt to bring his individual New York Labor Law claim as an opt-out class action is improper and in contravention of both state and federal law.

Plaintiff's purported New York Labor Law class claim violates Section 901(b) of the New York Civil Practice Law and Rules ("CPLR § 901(b)"). CPLR § 901(b) provides that, where a claim is brought under a statute that creates or imposes a penalty, the claim may not be maintained as a class action unless the statute specifically authorizes the recovery of penalties thereunder in a class action. Plaintiff has amended his complaint to specifically allege willful misconduct by the Defendants. The New York Labor Law mandates a penalty in the form of liquidated damages for willful violations of the law, but does not specifically authorize the recovery of liquidated damages in a class action. Accordingly, Plaintiff's purported New York Labor Law class claim should be dismissed as violative of CPLR § 901(b).[1]

---

[1] Ryan Beck reserves the right to move to compel into arbitration any claim of the Plaintiff that remains after this motion is decided.

In addition, Plaintiff's purported opt-out New York Labor Law class action conflicts with federal law. As a result, it is barred by the Rules Enabling Act. Specifically, Section 216(b) of the FLSA expressly limits the scope of representative class actions for overtime pay by requiring putative class members to affirmatively opt-in to the action. Congress expressly intended this opt-in collective action procedure of § 216(b) to be the exclusive method for litigating multiple overtime claims in one action. Indeed, in enacting Rule 23, Congress specifically recognized that the opt-out procedures of Rule 23 must give way to the express, opt-in requirements of § 216(b). By asserting his New York Labor Law claim as an opt-out class action under Rule 23, Plaintiff is improperly attempting to sidestep this Congressional mandate.

Moreover, the FLSA requires individual putative class members to affirmatively opt-in to a collective action for overtime. An individual who does not affirmatively opt-in cannot have his rights under the FLSA adjudicated *in absentia*. Yet here, because the New York Labor Law expressly incorporates the FLSA's standards, methods and exemptions, the adjudication of Plaintiff's claim for overtime under the New York Labor Law as an opt-out class action, if permitted, would necessarily determine the FLSA rights of absent class members who did not affirmatively opt-in to the action. This is the exact result Congress sought to prohibit in enacting Section 216(b) of the FLSA and in requiring that FLSA overtime claims be resolved only on an individual or opt-in basis.

## ARGUMENT

### I. PLAINTIFF'S STATE LAW CLASS CLAIM SHOULD BE DISMISSED BECAUSE IT VIOLATES CPLR SECTION 901(b)

Plaintiff's state law class claim for overtime and alleged impermissible deductions from wages should be dismissed because Section 901(b) of the CPLR expressly bars such claims from

being maintained as a class action. Section 901(b) provides that where a claim is brought under a statute that creates or imposes a penalty, the claim may not be maintained as a class action unless the statute *specifically authorizes* the recovery of penalties thereunder in a class action. CPLR § 901(b). Accordingly, New York state courts routinely deny class claims brought under statutes which impose penalties and do not specifically authorize class action recovery. See, e.g., Paltre v. Gen. Motors Corp., 810 N.Y.S.2d 496 (2d Dep't 2006) (upholding the dismissal of class claims brought under N.Y. General Business Law § 340 because the statute does not specifically authorize recovery in a class action); Sperry v. Crompton Corp., 810 N.Y.S.2d 498 (2d Dep't 2006) (affirming the dismissal of a class action claim brought under N.Y. General Business Law § 340 as barred by CPLR § 901(b)); Dornberger v. Metropolitan Life Ins. Co., 182 F.R.D. 72 (S.D.N.Y. 1998) (denying certification of claims brought under N.Y. Ins. Law § 4226 because of CPLR § 901(b) grounds); Rudgayzer & Gratt v. Cape Canaveral Tour and Travel, Inc., 799 N.Y.S.2d 795 (2d Dep't 2005) (dismissing claims under federal Telephone Consumer Protection Act). The outcome is no different in cases alleging violations of the New York Labor Law. See, e.g., Ballard v. Community Home Care Referral Service, Inc., 695 N.Y.S.2d 130 (2d Dep't 1999) (precluding class action brought under New York Labor Law because of CPLR § 901(b)); Caruso v. Allnet Commc'ns Servs. Inc., 662 N.Y.S.2d 468 (1st Dep't 1997) (upholding denial of class certification because of CPLR § 901(b), where plaintiffs brought claims, *inter alia*, under New York common law and New York Labor Law); Parker v. Equity Adver. Agency, Inc., Mar. 10, 1982 N.Y.L.J. 11, col. 2 (N.Y. County 1982) (finding that CPLR § 901(b) precluded plaintiffs from bringing a class action under the New York Labor Law) (a copy of which is attached to the Affidavit of Christopher A. Parlo (the "Parlo Aff.") as Ex. A).

This Court should follow these rulings of the New York Appellate Division, which are dispositive and binding on federal district courts in the Second Circuit. See, e.g., Universal

Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 263 n.5 (2d Cir. 2004) (federal courts are bound by state court interpretations of New York law); Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211, 220-21 (2d Cir. 2003) (federal courts are bound to apply state law as interpreted by New York courts); Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 134 (2d Cir. 1999) (absent persuasive evidence that the New York Court of Appeals would reach a different conclusion, the Second Circuit and federal district courts are bound to apply New York state law as interpreted by New York intermediate appellate courts); In re Brooklyn Navy Yard Asbestos Litig., 971 F.2d 831, 851 (2d Cir. 1992) (remanding case to district court to await guidance as to how to rule pending a decision from New York's First Department appellate court on a similar issue in another case); Deeper Life Christian Fellowship, Inc. v. Sobol, 948 F.2d 79, 84 (2d Cir. 1991) (where a New York appellate court has construed a New York statute, its construction is binding on the Second Circuit absent persuasive evidence that New York's highest state court would decide otherwise).

A.   **CPLR Section 901(b) Bars Plaintiff's Class Claim Under The Labor Law.**

Plaintiff seeks to bring a class action for overtime and for alleged impermissible deductions from wages, and asserts that Defendants' conduct was willful under the New York Labor Law, and seeks recovery of liquidated damages for willful misconduct.  Amended Complaint ¶ 53.  Such liquidated damages are mandated in cases of a proven willful violation. See N.Y. Lab. Law § 198(1-a) (2005).  It is well-settled that such liquidated damages provided for under the Labor Law constitute a penalty within the meaning of CPLR § 901(b).  See Carter v. Frito-Lay, Inc., 425 N.Y.S.2d 115, 116 (1st Dep't 1980) (barring Labor Law class action under CPLR § 901(b) because the liquidated damages provided for thereunder are a penalty), aff'd, 52 N.Y.2d 994 (1981); Woods v. Champion Courier, Inc., Oct. 9, 1998 N.Y.L.J. 26, col. 1 (Sup. Ct. N.Y. Co.) (holding that CPLR § 901(b) precluded use of a class action mechanism to recover

liquidated damages under Labor Law § 198, reasoning that a class representative who sought to forfeit punitive damages would not adequately represent the class where putative class members could recover punitive damages in an action brought by the Commissioner of Labor to enforce the same laws) (a copy of which is attached to the Parlo Aff. as Ex. B).  The Labor Law does not, however, specifically authorize class actions as a recovery mechanism for penalties.  See N.Y. Lab. Law § 1, et seq.  As a result, Plaintiff's New York Labor Law claim cannot be maintained as a class action.

The decision in Carter, 425 N.Y.S.2d at 116, is precisely on point.  There, the First Department held, in a decision affirmed by the Court of Appeals, that a claim under the Labor Law could not be maintained as a class action because the statute "provides for liquidated damages and does not contain the necessary clause allowing these damages to be recovered in a class action."  Id.  New York appellate and lower courts have since repeatedly applied the principles espoused in Carter.  See, e.g., Ballard, 695 N.Y.S.2d at 132 (precluding Labor Law class action under CPLR § 901(b)); Caruso, 662 N.Y.S.2d at 470 (upholding denial of class certification pursuant to CPLR § 901(b)); Parker, Mar. 10, 1982 N.Y.L.J. 11, col. 2 (finding that CPLR 901(b) precluded Plaintiffs from bringing a class action under the Labor Law).

Moreover, a New York court reached this conclusion in essentially the same factual setting as presently at bar.  In Parker, Mar. 10, 1982 N.Y.L.J. 11 at col. 2, the named plaintiff was a commissioned salesperson who claimed that deductions from her commissions for losses, expenses and costs violated the Labor Law.  See id.  The court granted defendant's motion to dismiss, filed before the plaintiff moved for class certification, because CPLR § 901(b) bars class claims brought under the Labor Law.  See id. (noting that the decision, like here, did not leave the plaintiff without a remedy because she could file an individual lawsuit).

Because the New York Labor Law mandates a penalty in the form of liquidated damages, but does not authorize the recovery of such damages in a class action, Plaintiff's class claim under the New York Labor Law is barred by CPLR § 901(b) and should be dismissed.

**B.      Plaintiff Cannot Avoid The Effect Of Section 901(b) By Attempting To Waive His Claim For Liquidated Damages Under The New York Labor Law.**

Plaintiff alleges willful misconduct by the Defendants in his Amended Complaint. Amended Complaint ¶ 53.  Plaintiff relies on this allegation of willful misconduct to extend the FLSA statute of limitations back an additional year, to May 5, 2003, and to give him standing to bring an FLSA claim.  <u>See</u> Amended Complaint ¶ 1; 29 U.S.C. § 255(a).  However, Plaintiff still attempts to avoid the Section 901(b) bar by purporting to waive, on behalf of himself and members of the absent class, any "penalties, liquidated damages or punitive damages of any kind under New York law."  Amended Complaint, Prayer for Relief ¶ 9.  Plaintiff's purported waiver is ineffective because both federal and New York law make clear that mandatory statutory penalties, such as the liquidated damages penalty under § 198, are <u>not</u> waivable as a matter of law and, consequently, claims brought under that statute cannot be maintained as a class action. <u>See</u> <u>Asher v. Abbott Labs.</u>, 737 N.Y.S.2d 4 (1st Dep't 2002) (treble damages under New York's Donnelly Act cannot be waived); <u>Parker</u>, Mar. 10, 1982 N.Y.L.J. 11, col. 2 (liquidated damages under the Labor Law may not be waived in the class action context).

In <u>Asher</u> , plaintiffs brought a claim under New York's Donnelly Act, which provides that "any person who shall sustain damages by reason of any violation of this section shall recover three-fold the actual damages sustained thereby. . . ."  Gen. Bus. Law § 340(5).  The Appellate Division specifically held that "[p]rivate persons cannot bring a class action under the Donnelly Act because the treble damages remedy provided in General Business Law § 340(5) is a 'penalty' within the meaning of CPLR § 901(b), the recovery of which in a class action is not specifically

authorized and <u>the</u> <u>imposition</u> <u>of</u> <u>which</u> <u>cannot</u> <u>be</u> <u>waived</u>." <u>Id.</u> (emphasis added); <u>see also</u> <u>Cox</u> <u>v. Microsoft Corp.</u>, 737 N.Y.S.2d 1, 2 (1st Dep't 2002) (finding that treble damages under the Donnelly Act are penal in nature and mandatory, and thus refusing to allow a class action under CPLR § 901(b)); <u>Rubin v. Nine West Group, Inc.</u>, No. 0763/99, 1999 WL 1425364, at *2 (N.Y. Sup. Ct. Nov. 3, 1999) (holding that treble damages under the Donnelly Act are mandatory and cannot be waived); <u>Russo & Dubin v. Allied Maint. Corp.</u>, 407 N.Y.S.2d 617 (N.Y. Sup. Ct. 1978) (same); <u>Leider v. Ralfe</u>, 387 F. Supp. 2d 283, 288-89 (S.D.N.Y. 2005) (refusing to certify class action because statute at issue contained a penalty and no specific authorization of class actions). [2]

Here, Section 198 of the Labor Law provides:

In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court <u>shall</u> allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

N.Y. Lab. Law § 198(1-a) (emphasis added). The plain, unambiguous language of the statute leaves no question that the liquidated damages in Section 198 are a penalty and that, upon a finding that an employer's failure to pay the required wage was "willful," the imposition of such damages is mandatory. N.Y. Lab. Law § 198 (1-a) (emphasis added). The United States Supreme Court has observed that the term "shall" clearly reflects <u>mandatory</u> action. <u>See</u> <u>Bd. of</u> <u>Pardons v. Allen</u>, 482 U.S. 369, 377 (1987) ("Significantly, the Montana statute, like the Nebraska statute, uses mandatory language ('shall') . . . ."); <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983)

---

[2] Federal Courts have similarly held that statutory penalties may not be waived. The Second Circuit, for example, has held that liquidated damages under the Fair Labor Standards Act may not be waived, and the Seventh Circuit has held that treble damages available for antitrust violations of the Clayton Act may not be waived. <u>See</u> <u>Rogers v. City of Troy</u>, 148 F.3d 52, 59 n.6 (2d Cir. 1998); <u>Locklin v. Day-Glo Color Corp.</u>, 429 F.2d 873 (7th Cir. 1970); <u>Sun Theatre Corp. v. RKO Radio Pictures, Inc.</u>, 213 F.2d 284, 287 (7th Cir. 1954).

(recognizing "shall" to be language "of an unmistakably mandatory character") (overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995)).[3] Both the Second Circuit and the New York Court of Appeals have reached the same conclusion. See Golden Pacific Bancorp v. FDIC, 375 F.3d 196, 202 (2004) (recognizing that the term "shall" indicates the "statutes' mandatory language"); Losurdo v. Asbestos Free, Inc., 1 N.Y.3d 258, 265 (2003) ("The language is carefully crafted in that imposition of the penalty if mandatory ('shall') . . . ."). See also Rubin, 1999 WL 1425364, at *5 (holding that the legislature's use of the word "shall" in the Donnelly Act's treble damages provision renders such damages "mandatory"). These damages cannot be waived for the strategic convenience of a plaintiff who wishes to pursue his individual claims as a class action.

The only New York appellate court to discuss the issue of a mandatory penalty (the First Department) has twice ruled that there cannot be a waiver of mandatory penalties under § 901(b), and, consequently, that any class action seeking relief under a statute that imposes a mandatory penalty should be dismissed under § 901(b). See Asher v. Abbott Labs., 737 N.Y.S.2d at 4 and Cox v. Microsoft Corp., 737 N.Y.S.2d at 2. It is respectfully submitted that this Court should follow Asher and Cox and not allow Plaintiff to circumvent the clear mandate of CPLR § 901(b) by the mere expedient of purporting to waive his right, and the rights of absent putative class members he purports to represent, to the statutory liquidated damages remedy mandated by the New York Labor Law. See cases cited, supra, pages 4 and 5.

Moreover, even if liquidated damages under the Labor Law were waivable by an individual plaintiff in order to avoid § 901(b), which they are not, Plaintiff and his counsel

_____

[3]    Defendants provide the reference to Sandin only because other courts commonly cited Sandin as having overruled Hewitt as to the appropriate analysis for evaluating the existence of a "liberty interest." However, the Court made clear in Sandin that it was not "technically" overruling the Hewitt decision. 515 U.S. at 483 n.5.

cannot waive such damages on behalf of absent class members and still serve as adequate

representatives of a class. Indeed, courts in this Circuit and others have held that plaintiffs may

not serve as adequate class representatives where plaintiffs and their counsel are willing to waive

the rights of those they supposedly represent. See, e.g., In re Methyl Tertiary Butyl Ether

("MTBE") Prods. Liability Litig., 209 F.R.D. 323, 339-40 (S.D.N.Y. 2002) (finding that class

members seeking only injunctive relief could not be adequate class representatives for absent

class members with other claims for damages); Feinstein v. Firestone Tire & Rubber Co., 535 F.

Supp. 595, 606 (S.D.N.Y. 1982) (holding that plaintiffs who pursue only some of the claims

available to the class are not adequate representatives). See also Western States Wholesale, Inc.

v. Synthetic Indus., Inc., 206 F.R.D. 271, 277 (C.D. Cal. 2002) (named plaintiff not adequate

where only injunctive relief and disgorgement sought, not damages for lost sales or market share;

"[a] class representative is not an adequate representative when the class representative abandons

particular remedies to the detriment of the class"); Thompson v. Am. Tobacco Co., Inc., 189

F.R.D. 544, 550 (D. Minn. 1999) (class representatives inadequate where they waived personal

injury damages and sought only a medical monitoring program); Small, 679 N.Y.S.2d at 601-02

(plaintiffs who brought claims for fraud and deceptive business practices against tobacco

companies, but did not bring claims for physical injury and emotional distress arising from

addition to cigarettes, were not adequate representatives); Tegnazian v. Consol. Edison, Inc., 730

N.Y.S.2d 183, 187-88 (N.Y. Sup. Ct. 2000) (holding that named residential plaintiffs did not

adequately represent that putative class where they did not assert any personal injury claims

arising out of a blackout); Janik v. Rudy, Exelrod & Zieff, 119 Cal. App. 4th 930, 938 (2004)

(malpractice claim against class counsel could be pursued for omitting an important claim;

"those who assume the responsibility of pursuing claims on behalf of a class assume the duty to

protect all claims that class members would reasonably expect to be asserted") (emphasis added);

City of San Jose v. Superior Court, 12 Cal. 3d 447, 464 (1974) ("The plaintiffs here inadequately represent the alleged class because they fail to raise claims reasonably expected to be raised by the members of the class and thus pursue a course which, even should the litigation be resolved in favor of the class, would deprive class members of many elements of damage.").

Applying this rule of law, "[a]ttempts by plaintiffs to get around § 901(b) by waiving the liquidated damages remedy have been rejected by courts as undermining putative lead plaintiffs' ability to represent others who have a statutory right to the remedy." Foster v. The Food Emporium, No. 99 CIV 3860, 2000 WL 1737858, at *3 n.3 (S.D.N.Y. Apr. 26, 2000) (rejecting attempt to amend complaint to add class claims under the New York Labor Law); see also Bradford v. Olympic Courier Sys., Inc., Slip. Op. at 5 (Sup. Ct. Kings County, Mar. 26, 1997) (holding that plaintiffs "are without authority to waive liquidated damages on behalf of the members of the class they seek to represent" as that would render them inadequate class representatives) (a copy of which is attached to the Parlo Aff. as Ex. C); Parker, Mar. 10, 1982 N.Y.L.J. at 11 (dismissing class action seeking liquidated damages under § 198 after holding that "any attempt to waive the right to a statutory penalty to avoid CPLR § 901(b) is impermissible"). As the court reasoned in Woods, 1998 N.Y.L.J. 25 at col. 1, "it is difficult to see how a class representative can 'fairly and adequately' represent the class if he has not at least investigated the possibility for another and better means of vindicating the class' rights." Id.

Nor does simply encouraging putative class members to opt-out of the litigation, if they wish to pursue the full remedies available to them, render class representatives adequate, where those representatives seek a less than full complement of remedies. "The ability to opt out of the class is insufficient to protect the rights of putative class members who would want to seek remedies other than those chosen by the . . . representatives." Clark v. Experian Info. Solutions,

<u>Inc.</u>, No. Civ. A. 8:00-1217-24, 2001 WL 1946329, at *4 (D.S.C. Mar. 19, 2001) (<u>quoting</u> <u>Small</u>, 679 N.Y.S. 2d at 601-02 ).

Because Plaintiff cannot be an adequate representative if he were to try to waive the claims of absent class members for liquidated damages under New York law, his state law class claim must be dismissed.

## II.    PLAINTIFF'S STATE LAW CLASS CLAIM SHOULD BE DISMISSED BECAUSE IT IRRECONCILABLY CONFLICTS WITH SUBSTANTIVE <u>RIGHTS OF THE PARTIES.</u>

### A.    <u>Plaintiff Cannot Bring His Claims As An Opt-Out Class Action.</u>

To the extent that Plaintiff is attempting in his Amended Complaint to bring either his FLSA claim and/or his state law claims as a class action under Rule 23, any such attempt must be rejected.  <u>See</u> Amended Complaint ¶ 13 ("Plaintiff brings this action on behalf of himself and the Class pursuant to Federal Rule of Civil Procedure 23.").  Section 216(b) of the FLSA unambiguously provides that no employee shall be a party plaintiff without consenting in writing.  29 U.S.C. § 216(b).  An opt-<u>out</u> class action for overtime under Rule 23, however, conflicts with the plain language of Section 216(b) of the FLSA and the expressed intent of Congress to permit only opt-<u>in</u> actions.  Indeed, in amending the FLSA in the Portal-to-Portal Act of 1947, Congress intended to put an end to opt-out representative class actions for overtime pay by requiring plaintiffs asserting such claims to affirmatively "opt-in" to such lawsuits by filing a written consent.  Pub. L. 49, Ch. 52 § 61 Stat. 84, 87 (1947).  The amendments expressly repealed a provision then in 29 U.S.C. § 216(b) which permitted "an employee or employees to designate an agent or representative to maintain an action for and on behalf of all employees similarly situated."  H.R. Conf. Rep. No. 80-326, at 13 (1947).

Congress even went so far as to title the relevant statutory provision: "Representative Actions Banned."  Pub. L. 49, Ch. 52 § 61 Stat. 84, 87.  As Congress explained, unless plaintiffs

were prevented from aggregating claims by use of the opt-out class action device, "the payment of . . . liabilities would bring about financial ruin of many employers . . . [and] the courts of the country would be burdened with excessive and needless litigation."  Portal-to-Portal Act of 1947 § 1(a) (1), (7), <u>codified at</u> 29 U.S.C. § 251(a) (1), (7).  Then Chairman of the Senate Judiciary Committee, Senator Donnell, further articulated the rationale behind the provision:

> It is certainly unwholesome to allow an individual to come into court alleging that he is suing on behalf of 10,000 persons and actually not have a solitary person behind him, and then later on have 10,000 men join in the suit, which was not brought in good faith, was not brought by a party in interest, and was not brought with the actual consent or agency of the individuals for whom an ostensible plaintiff.

93 Cong. Rec. 2182 (1947); <u>see also</u> <u>Cameron-Grant v. Maxim Healthcare Servs., Inc.</u>, 347 F.3d 1240, 1248 (11th Cir. 2003) (Congress created the "opt-in" language in order to "prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit.") (internal quotations omitted); <u>Rochlin v. Cincinnati Ins. Co.</u>, No. IP00-1898CHK, 2003 WL 21852341, at *14 (S.D. Ind. July 8, 2003) ("The procedures set forth in Section 216(b) preempt the class action procedures set forth in Rule 23.").  Accordingly, Plaintiff's request to proceed as an opt-out class action under Rule 23 must be dismissed.

### B.  Plaintiff's Opt-Out Class Claim Violates The Rules Enabling Act Because It Abridges The Substantive Rights Conferred By Section 216(b) Of The FLSA, Which Permits Opt-In But Not Opt-Out Class Actions.

Plaintiff's opt-out class claim must be dismissed for the additional reason that it violates the Rules Enabling Act by abridging the substantive rights conferred by § 216(b) of the FLSA, which permits opt-in but not opt-out class actions.

The Rules Enabling Act provides, in relevant part, that a rule of practice and procedure cannot be applied where such application would have the effect of "abridg[ing], enlarg[ing] or

modify[ing] any substantive right." 28 U.S.C. § 2072(b). The Federal Rules, and in particular Rule 23, create no substantive rights. They are procedural rules. <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 612-13 (1997) ("[We are] mindful that Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act"); <u>see also United States ex rel. Greenville Equip. Co. v. United States Cas. Co.</u>, 218 F. Supp. 653, 656 (D. Del. 1962) (holding that the Federal Rules of Civil Procedure "as the name indicates, are of a procedural nature, leaving matters of substantive right to be otherwise determined"). Federal statutory provisions, on the other hand, even those with procedural elements, can confer substantive rights to which the Federal Rules of Civil Procedure must give way. The FLSA creates such substantive rights. Because allowing Plaintiff to maintain his New York claims (or his FLSA claim) as an opt-out class under Rule 23 would abridge the substantive rights of Ryan Beck <u>and</u> of the individuals purported to be represented by Plaintiff – rights conferred by Section 216(b) of the FLSA – this Court should dismiss Plaintiff's opt-out class claim.

### C.     FLSA § 216(b) Creates Important Substantive Rights For Employees And Employers.

Under Section 216(b) of the FLSA, individuals have the substantive right to choose whether to litigate their own wage and hour claims, and, if so, to choose where, when and how to litigate, even where, as here, another individual purports to bring a collective action on behalf of himself and others alleged to be similarly situated. <u>See</u> Secretary of Labor Amicus Letter Brief in <u>Long John Silver's Rests., Inc. v. Cole</u>, No. 05-CV-3039 (Dec. 13, 2005) (available at http://www.dol.gov/sol/media/briefs/LJSbrief-12-13-2005.htm and attached to the Parlo Aff. as Ex. D) (stating that Section 216(b) of the FLSA "grants employees a <u>distinct substantive right</u> to participate in a collective adjudication of their claims if, and only if, they provide a written consent that is filed in court") (emphasis added). As the Secretary of Labor recently explained:

> Section 16(b) of the FLSA unambiguously provides employees the right not to have their statutory claims litigated without their written consent. The Secretary, as the official responsible for the administration of the FLSA (see 29 U.S.C. 204), has a significant interest in protecting this clearly delineated employee right. . . . The advance written consent requirement, as distinguished from <u>procedural provisions</u> in the FLSA, goes to an employee's fundamental right not to be included as a plaintiff in a lawsuit or arbitration. Thus, in the Secretary's view, the right to participate in a collective action only upon submission of one's written consent is a <u>substantive right</u>. . . .

<u>Id.</u> (emphasis added). <u>See also</u> <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 310 (3d Cir. 2003) (noting that "[t]he aggregation of claims, particularly as class actions, profoundly affects the substantive rights of the parties to the litigation"); <u>cf. also</u> <u>Cooper v. Miller Johnson Steichen Kinnard, Inc.</u>, No. Civ. 02-1236, 2003 WL 1955169, at *5 (D. Minn. Apr. 21, 2003) (refusing to certify a "mandatory, non opt-out settlement class under Rule 23(b)(1)(B)" or allow the parties to proceed as a "limited fund" class action because, although such a settlement class was practicably desirable, the Rules Enabling Act does not permit modification of any substantive right, and the creation of a non opt-out class would compromise the substantive rights of the absent class members).

## D.      **Fed. R. Civ. P. 23 Cannot Abridge These Important Substantive Rights.**

Individuals cannot be deprived of this substantive right through litigation, brought under Rule 23, that would bind them, as absent members of a representative class, when they did not affirmatively opt-in to the action. <u>See, e.g.</u>, <u>Prickett v. DeKalb County</u>, 349 F.3d 1294, 1297 (11th Cir. 2003) ("The statute says, '[n]o employee shall be a party plaintiff to any such <u>action</u> unless he gives his consent in writing to become such a party [and] [t]hat plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole."); <u>Lachapelle v. Owens-Illinois, Inc.</u>, 513 F.2d 286, 288 (5th Cir. 1975) (recognizing that under FLSA § 216(b), "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the

class…"); <u>Gjurovich v. Emmanuel's Marketplace, Inc.</u>, 282 F. Supp. 2d 91, 95 (S.D.N.Y. 2003) (recognizing that "in an FLSA collective action, only potential plaintiffs who 'opt-in' can be 'bound by the judgment' or 'benefit from it'") (citation omitted); <u>Mueller v. CBS, Inc.</u>, 201 F.R.D. 425, 427 (W.D. Pa. 2001) ("Unlike class actions certified under Rule 23, would-be plaintiffs must 'opt-in' according to Section 216(b) in order to be bound by any judgment reached . . . ."); <u>McGrath v. City of Phila.</u>, No. 92-4570, 1994 WL 45162, at *2 (E.D. Pa. Feb. 10, 1994) ("§ 216's 'opt-in' requirement is inconsistent with a Rule 23 class action, which requires potential plaintiffs to opt out of the suit in order to avoid being bound by the judgment"). This is particularly true where, as here, Plaintiff has no right to even proceed on his claims as a class because of CPLR §901(b). <u>See</u> Part I, <u>infra</u>.

In addition, Ryan Beck has the separate substantive right to litigate claims for unpaid overtime only against individuals who bring or affirmatively opt-in to an action as "party plaintiffs." Ryan Beck also has the corresponding right to not be bound by a judgment that purports to adjudicate overtime claims belonging to absent class members. <u>See</u> <u>Hoffman-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 173 (1989) (noting that the 1947 amendments to the FLSA were done for "the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions"); <u>Lachapelle</u>, 513 F.2d at 288 ("[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b) . . . . Rule 23(c) provides for 'opt-out' class actions. FLSA § 16(b) allows as class members only those who 'opt-in'. These two types of class actions are mutually exclusive and irreconcilable"); <u>see also</u> <u>Jackson v. City of San Antonio</u>, 220 F.R.D. 55, 60 (W.D. Tex. 2003) (stating that permitting a Rule 23 state law class action to proceed would "flaunt the Congressional intention" to have FLSA claims proceed only pursuant to an opt-in process); <u>Watkins v. Milliken & Co.</u>, 613 F.

Supp. 408, 419 (W.D.N.C. 1984) ("Section 16(b) of the FLSA was enacted as a measure to prohibit the kind of notice-based class action procedures contained in Rule 23").

The New York Labor Law, which purports to require overtime pay in New York, and upon which Plaintiff bases his state law class claim, expressly incorporates the FLSA's substantive standards, methods, and exemptions..  Specifically, 12 N.Y.C.R.R. 142-2.2 requires overtime pay "in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of [the FLSA] …."[4]  See also Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 575 (S.D.N.Y. 2004) (holding that the plaintiff was exempt under both the FLSA and New York Labor law as "[t]he tests under the two statutes and their corresponding regulations are identical"); Debejian v. Atl. Testing Labs., Ltd., 64 F. Supp. 2d 85, 87 n.1 (N.D.N.Y. 1999) (stating that the "ensuing analysis [of exemption from overtime pay] focuses solely on federal law, but applies equally to Plaintiff's claims under the FLSA and New York State [Labor] law"); Ballard v. Cmty. Home Care Referral Serv., Inc., 695 N.Y.S.2d 130, 131 (2d Dep't 1999) (looking to the FLSA and interpretive cases in order to determine whether individual was exempt from overtime requirements of the New York Labor Law).  Therefore, because the New York Labor Law specifically incorporates the manner, methods, and exemptions of the FLSA, Plaintiff must necessarily establish a violation of the FLSA with respect to absent members of the putative class if he is to establish liability under state law for those individuals.

Accordingly, if Plaintiff were permitted to pursue his state law overtime claim through an opt-out Rule 23 class action, the FLSA claims of absent class members would necessarily be litigated on an opt-out basis in this litigation, even though those absent class members did not

---

[4]    Section 13 of the FLSA sets forth exemptions from overtime for professional, administrative, and executive employees, all of which are relevant to this action which challenges the overtime exemption status of professional financial consultants.  See 29 U.S.C. § 213.  If Defendants can establish that any of these exemptions is applicable, Plaintiff would not be entitled to overtime pay under the FLSA or the New York Labor Law.

affirmatively elect to <u>opt-in</u> to the action. Moreover, rulings with respect to exemption status and other issues under the New York Labor Law would bind absent class members with respect to their FLSA claims. For example, if Ryan Beck is successful in establishing that Plaintiff and the absent class members he purports to represent were properly classified as exempt from overtime under the New York Labor Law, that ruling would extinguish the FLSA claims of all absent class members, because the latter would be bound by determinations made for the class, especially when it is considered that the same exemptions apply under the New York Labor Law. This is impermissible under the Rules Enabling Act, and it is precisely the result banned by Congress in enacting FLSA § 216(b).

Adjudicating the state law overtime claims of absent class members who did not affirmatively opt in to this proceeding would patently interfere with, and indeed eviscerate, the affirmative opt-in requirements of § 216(b) of the FLSA. <u>See</u>, <u>e.g.</u>, <u>Cameron-Grant v. Maxim Healthcare Servs., Inc.</u>, 347 F.3d 1240, 1248 (11th Cir. 2003) ("[t]he 1947 amendments to the FLSA prohibit what precisely is advanced under Rule 23 – a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members"); <u>Moeck v. Gray Supply Corp.</u>, No. 03-1950, 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) (permitting class action treatment of state law wage and hour claims would undermine Congressional intent of limiting FLSA claims to opt-in collective actions); <u>Madrigal v. Green Giant Co.</u>, No. C-78-157, 1981 WL 2331, at *3 (E.D. Wash. July 27, 1981) (dismissing state law class claims that were based on violations of the FLSA, ruling that "[i]f such a result were permitted, the statutory requirements of the FLSA would effectively be gutted"); <u>Rodriguez v. The Texan, Inc.</u>, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001) ("policy [of opting in under the FLSA] and the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state

statutes that lack such an opt-in requirement"); <u>Harper v. Yale Int'l Ins. Agency Inc.</u>, No. 03 C 3789, 2004 WL 1080193, at *5 (N.D. Ill. May 12, 2004) ("Plaintiffs, however, have arguably subverted congressional intent in creating the FLSA opt-in procedure by choosing to seek class certification of their [state law] claims instead of pursuing an FLSA collective action"); <u>Kim v. Regents of Univ. of Cal.</u>, 80 Cal. App. 4th 160, 168 (Cal. Ct. App. 2000) (refusing to allow the plaintiff to circumvent the FLSA remedies by alleging a violation of state labor code); <u>cf. Hatfield v. Oak Hill Banks</u>, 115 F. Supp. 2d 893, 898 (S.D. Ohio 2000) (holding that plaintiffs may not maintain state law class claim where allowing plaintiffs to do so would "subvert the will of Congress" insofar as analogous federal law did not permit class action).

Recently, in a similar case concerning claims for overtime pay under the FLSA and New Jersey state law, a federal district court dismissed a state law wage and hour claim as unsuitable for class action treatment. <u>Moeck</u>, 2006 WL 42368, at *5. In <u>Moeck</u>, the court held,

> Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions. Allowing [the plaintiff] to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions.

<u>Id.</u> (citations omitted). Similarly, Plaintiff's state law class claim in this matter is improper and should be dismissed.

Similarly, in <u>Aquilino v. Home Depot U.S.A., Inc.</u>, Civ. A. No. 04-cv-4100 (PGS), 2006 WL 2023539, *2 (D.N.J. Jul. 17, 2006), the district court noted that the Congressional purpose in creating a written consent to opt-in requirement for the FLSA was "preserving the right of an 'absentee' employee from being bound by a collective resolution." The court in <u>Aquilino</u> relied heavily upon <u>De Asencio</u>, 342 F.3d 301 (3d Cir. 2003), in which the Court of Appeals recognized the "clear congressional mandate in favor of collective opt-in actions." 342 F.3d at

306. <u>See also</u> <u>Prickett</u>, 349 F.3d at 1296 ("Because of this opt-in requirement [under § 216(b)] . . . , Plaintiff may not certify a class under Rule 23."); <u>Rodriguez</u>, 2001 WL 1829490, at *2; <u>Madrigal,</u> 1981 WL 2331, at *3.

In two recent District of New Jersey decisions, <u>Herring v. Hewitt Assocs., Inc.</u>, No. Civ. 06-267 (GEB), 2006 WL 2347875 (D.N.J. Aug. 11, 2006), and <u>Himmelman v. Continental Cas. Co.</u>, No. Civ. 06-166 (GEB), 2006 WL 2347873 (D.N.J. Aug. 11, 2006), the court granted the defendants' motions to dismiss state wage and hour class actions under the same circumstances present in this action, and for many of the same reasons stated above. In <u>Herring</u> and <u>Himmelman</u>, the plaintiffs filed complaints asserting a collective action under the FLSA and a Rule 23 class action under the New Jersey State Wage and Hour Law. In dismissing the state law class claims, the court held that because FLSA actions have an opt-in scheme and in "Rule 23 class actions a prospective party plaintiff must opt out of the class notice of the action . . . these two schemes are <u>inherently</u> <u>incompatible</u>." <u>Herring</u>, 2006 WL 2347875 at *2, <u>Himmelman</u>, 2006 WL 2347873 at *2 (emphasis added). The court further held "that allowing the plaintiff to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." <u>Id.</u> (internal quotations omitted) (<u>citing</u> <u>Moeck v. Gray Supply Corp.</u>). The situation here is similar to that in <u>Herring</u> and <u>Himmelman</u> in that the Plaintiff has filed a complaint asserting a collective action under the FLSA and a Rule 23 class action under the New York State Labor Law. As the Court ruled in <u>Herring</u> and <u>Himmelman</u>, the state law class claim here should be dismissed.

**E.** **Adjudicating State Law Overtime Claims Of Absent Putative Class Members Would Impermissibly Adjudicate The Absent Class Members' Own FLSA Claims.**

Adjudicating the state law overtime claims of absent class members who did not opt-in also would impermissibly adjudicate the absent class members' own FLSA claims under principles of res judicata and collateral estoppel. For example, in Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921-22 (9th Cir. 2003), the Department of Labor sued an employer under the FLSA for unpaid overtime on behalf of a group of former employees. Id. at 911. The Ninth Circuit affirmed the dismissal of the FLSA claim of one of the employees because that employee had previously litigated a state law claim for overtime against her employer. Id. at 923. The court found that the employee's FLSA claim was barred by res judicata because the FLSA claim was based on the same operative facts as the previously litigated state law claim. Id. at 921-923. See also Tran v. Le French Baker, Inc., No. C-94-0482, 1995 WL 374342, at *2 (N.D. Cal. June 14, 1995) (holding that plaintiff who was previously awarded overtime pay under state law through a state administrative proceeding was collaterally estopped from pursuing FLSA claim, even though the State Labor Commissioner "did not have jurisdiction to hear the FLSA claim" in those proceedings); Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593, 601 (1st Dep't 1998) (holding that "Under New York's transactional approach to res judicata, once a claim is brought to final conclusion, all other claims arising out of the same transactions are barred, even if based on a different theory or seeking a different remedy"). Therefore, the adjudication of absent class members' state law overtime claims would impermissibly extinguish their substantive rights to bring their own overtime actions under the FLSA. See, e.g., Robinson v. Sheriff of Cook County, 167 F. 3d 1155, 1157 (7th Cir. 1999) (noting that dismissal of a class action has "res judicata effect on any unnamed class members who did not opt out") (citations omitted), cert. denied, 528 U.S. 824 (1999); Gonzalez v. City of New York, 396 F. Supp. 2d 411 (S.D.N.Y.

2005) (holding that employment discrimination claims of police officers were barred by res judicata where the plaintiff officers were absent members of the class in a prior class action involving the same facts). Allowing a Rule 23 class action to extinguish individuals' substantive rights under the FLSA, where they have not affirmatively opted to litigate those rights in a class action, impermissibly abridges the substantive rights of both the absent class members and Ryan Beck and, therefore, violates the Rules Enabling Act.

The "irreconcilable" conflict between § 216(b) and Rule 23, and the requirement that Rule 23 must yield to § 216(b) under the Rules Enabling Act, are hardly novel concepts. See Lachapelle, 513 F.2d at 288. Indeed, the authors of Rule 23 noted the conflict between Rule 23 and § 216(b) and explicitly recognized that the opt-out procedures of Rule 23 must give way to the express opt-in requirements of § 216(b). See, e.g., Fed. R. Civ. P. 23 Adv. Comm. Notes ("The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended."); see also Prickett, 349 F.3d at 1296 ("Because of this opt-in requirement [under § 216(b)], plaintiffs may not certify a class under Rule 23.").

Rule 23's opt-out class action procedure must give way to the substantive rights conferred by § 216(b), particularly where, as here, the Rule 23 class claims are brought under a state law that expressly incorporates the FLSA's substantive standards, methods and exemptions, and under which class actions are not expressly authorized. Were it otherwise, Plaintiff would be permitted to sidestep the opt-in requirements of § 216(b) by adjudicating the state law rights of absent class members under Rule 23 and, in turn, binding those absent class members and Ryan Beck with respect to their FLSA claims. Accordingly, Plaintiff's opt-out class claims should be dismissed.

## CONCLUSION

Plaintiff's purported class action under New York state law must be dismissed because it violates CPLR § 901(b). Plaintiff's attempt to bring a Rule 23 opt-out class action under the New York Labor Law (and seemingly under the FLSA) must also be dismissed for the additional reason that it irreconcilably interferes with the express opt-in requirements of the FLSA, and, therefore, is barred by the Rules Enabling Act. Therefore, Defendants respectfully request that Plaintiff's attempt to litigate his FLSA claim as an opt-out class action be rejected. Defendants also request that Plaintiff's state law class claim be dismissed in its entirety, and that Plaintiff be required to pursue his New York Labor Law claim, if at all, as an individual rather than as a class.

Dated: New York, New York
      October 5, 2006               Respectfully submitted,

                                    **MORGAN, LEWIS & BOCKIUS LLP**

                                    By: s/  Christopher A. Parlo
                                        Christopher A. Parlo (CP 4310)

                                    Tamara Garnes Mata (TM 8051)
                                    101 Park Avenue
                                    New York, NY  10178
                                    (212) 309-6000
                                    Fax:  (212) 309-6001
                                    E-Mail:    cparlo@morganlewis.com
                                          tmata@morganlewis.com

                                    Doreen S. Davis (*admitted Pro Hac Vice)*
                                    1701 Market Street
                                    Philadelphia, PA  19103-2921
                                    (215) 963-5000
                                    Fax:  (215) 963-5001
                                    E-Mail:    ddavis@morganlewis.com

Christopher K. Ramsey (*admitted Pro Hac Vice*)
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA  15219-6401
(412) 560-3300
Fax:  (412) 560-7001
E-Mail:   cramsey@morganlewis.com

Attorneys for Defendants Ryan Beck & Co., Inc.
and Ryan Beck Holdings, Inc.