LAW OFFICES OF
**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK 10178
(212) 309-6000
FAX: (212) 309-6001

ATTORNEYS FOR DEFENDANT RYAN BECK & CO., INC. and
RYAN BECK HOLDINGS, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
ROBERT KLEIN, individually and on
behalf of all others similarly situated,

     Plaintiff,      06 CV 3460 (WCC)

  v.         *ELECTRONICALLY FILED*

RYAN BECK HOLDINGS, INC., and
RYAN BECK & CO., INC,

     Defendants.
------------------------------------------------------x

**DEFENDANTS' REPLY TO PLAINTIFF'S**
**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

               **Of Counsel:**

               Christopher A. Parlo
               Christopher K. Ramsey

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFF'S STATE LAW CLASS CLAIM VIOLATES CPLR § 901(B). | 1 |
| III. | THE REA PRECLUDES PLAINTIFF FROM BRINGING HIS STATE OVERTIME CLAIM AS AN OPT-OUT CLASS ACTION. | 5 |
| | A. Every Recent Decision Has Concluded That Section 216(b) Irreconcilably Conflicts With Rule 23 In The Context Of Plaintiff's New York Labor Law Overtime Class Claim. | 6 |
| | B. Section 216(b) Of The FLSA Creates Substantive Rights. | 8 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001) ................... 4, 7

Arrington v. National Broadcasting Co., 531 F. Supp. 498 (D.D.C. 1982) ....................... 9

Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211
   (2d Cir. 2003) ................................................................................................... 2, 3

Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351 (S.D.N.Y. 1999) ................................. 3

De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003) ....................................... 8

Eastern Sugar Associates v. Pena, 222 F.2d 934 (1st Cir. 1955) ..................................... 7

Foster v. Food Emporium, No. 99 CIV 3860, 2000 WL 1737858 (S.D.N.Y. Apr.
   26, 2000) ................................................................................................................ 5

Garcia v. Tamir, No. 99-0298, 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999) ..................... 8

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ............................................ 7

Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006) ...................................... 3

LeTourneau v. Pan America Finance Services, Inc., No. 97-3543, 1998 WL
   538130 (7th Cir. 1998) ......................................................................................... 2

Lindsay v. Government Employees Insurance Co., 448 F.3d 416 (D.C. Cir. 2006) ........... 8

Luther v. Z. Wilson, Inc., 528 F. Supp. 1166 (S.D. Ohio 1981) ...................................... 2

Mascol v. E&L Transport Inc., No. 03-3343, 2005 WL 1541045 (E.D.N.Y. June
   29, 2005) ................................................................................................................ 3

McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D. Ill. 2004) ................................ 7

McLaughlin v. Boston Harbor Cruise Lines, Inc., 419 F.3d 47 (1st Cir. 2005) ................. 8

Mike v. Safeco Insurance Co. of America, 274 F. Supp. 2d 216 (D. Conn. 2003) ............. 9

Moeck v. Gray Supply Corp., No. 03-1950, 2006 WL 42368 (D.N.J. Jan. 6, 2006) .......... 6

Noble v. 93 University Place Corp., 224 F.R.D. 330 (S.D.N.Y. 2004) ......................... 3, 7

Otto v. Pocono Health System, No. 06-CV-1186, 2006 WL 3059924 (M.D. Pa. Oct. 27, 2006) ...... 6, 7

Richards v. Computer Sciences Corp., No. 03-CV-630, 2004 WL 3517039 (D. Conn. Sept. 28, 2004) ...... 9

Scholtisek v. Eldre Corp., 229 F.R.D. 381 (W.D.N.Y. 2005) ...... 7

Smellie v. Mt. Sinai Hospital, No. 03-CIV-0805, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004) ...... 3

Snair v. Clearwater, 787 F. Supp. 1401 (M.D. Fla. 1992) ...... 8

Torres v. CSK Automobile, Inc., No. 03-CV-113, 2003 WL 24330020 (W.D. Tex. Dec. 17, 2003) ...... 9

Williamson v. General Dynamics Corp., 208 F.3d 1144 (9th Cir. 2000) ...... 9

## STATE CASES

Asher v. Abbott Laboratoriess, 737 N.Y.S.2d 4 (App. Div. 1st Dep't 2002) ...... 2

Cox v. Microsoft Corp., 737 N.Y.S.2d 1 (App. Div. 1st Dep't 2002) ...... 2

Giovanniello v. Hispanic Media Group USA, Inc., 799 N.Y.S.2d 800 (App. Div. 2d Dep't 2005) ...... 4

Grochowski v. Ajet Constr. Corp., No. 97-CIV 6269(NRB), 2002 WL 465272 (S.D.N.Y. 2002) ...... 2

Leyse v. Flagship Capital Services Corp., 803 N.Y.S.2d 52 (App. Div. 1st Dep't 2005) ...... 5

Pesantez v. Boyle Environmental Services., Inc., 673 N.Y.S.2d 659 (App. Div. 1st Dep't 1998) ...... 2, 3

Rubin v. Nine West Group, Inc., 1999 WL 1425364 (N.Y. Sup. Ct. Nov. 3, 1999) ...... 1, 3

Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc., 799 N.Y.S.2d 795 (App. Div. 2d Dep't 2005) ...... 4

Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593 (App. Div. 1st Dep't 1998) ...... 9

Super Glue Corp. v. Avis Rent A Car System, Inc., 517 N.Y.S.2d 764 (App. Div. 2d Dep't 1987) ...... 3

## FEDERAL STATUTES AND RULES

93 Cong. Rec. 2182 (1947) ................................................................................................6

29 U.S.C. § 216(b) ..........................................................................................2, 5, 6, 7, 8, 9

29 U.S.C. § 227 ....................................................................................................................4

29 U.S.C. § 255(a) (2006) ...................................................................................................4

28 U.S.C. § 2072(b) ............................................................................................................1

Federal Rule of Civil Procedure 23 ..............................................................1, 5, 6, 7, 9

## STATE STATUTES AND RULES

N.Y. Lab. Law § 198(1-a) ..........................................................................................1, 2, 4

N.Y. Civil Practice Law & Rules § 901(b) .....................................................1, 2, 3, 4, 5, 10

I.  **INTRODUCTION**

New York Civil Practice Law and Rules ("CPLR") § 901(b) and the Rules Enabling Act, 28 U.S.C. § 2072(b) ("REA"), prohibit Plaintiff Robert Klein from bringing his state law wage and hour claims as an opt-out class action under Federal Rule of Civil Procedure 23 ("Rule 23"). For the reasons discussed below, Plaintiff cannot prevail on his arguments to the contrary. Accordingly, Defendants Ryan Beck & Co., Inc. and Ryan Beck Holdings, Inc. (collectively "Defendants" or "Ryan Beck") respectfully request that the class action allegations of Plaintiff's New York Labor Law claims be dismissed.

II.  **PLAINTIFF'S STATE LAW CLASS CLAIM VIOLATES CPLR § 901(b).**

Plaintiff argues that CPLR § 901(b) does not apply because he has waived liquidated damages under New York law on behalf of himself and the putative class. Plaintiff's Brief in Opposition ("Pl. Opp.") at 20. Plaintiff's purported waiver is ineffective, however, for three reasons: (1) liquidated damages under the New York Labor Law are mandatory for willful misconduct and cannot be waived; (2) Plaintiff still has not waived liquidated damages in their entirety in this action; and (3) such a waiver would render Plaintiff and his counsel inadequate class representatives.

Section 198 of the New York Labor Law provides that, upon a finding that the employer's failure to pay wages was "willful," the Court "shall allow" a prevailing employee "liquidated damages." N.Y. Lab. Law § 198(1-a) (emphasis added). Based on this plain, unequivocal language, it is clear that, upon a finding of willfulness, liquidated damages under § 198 are mandatory and cannot be waived for strategic convenience. Rubin v. Nine West Group, Inc., No. 0763/99, 1999 WL 1425364, at *5 (N.Y. Sup. Ct. Nov. 3, 1999) (holding that

the legislature's use of the word "shall" in the Donnelly Act's treble damages provision renders such damages "mandatory").[1]

In his Brief in Opposition, Plaintiff ignores the only New York appellate court to discuss whether a mandatory penalty can be waived. Specifically, the First Department has twice ruled that there cannot be a waiver of mandatory penalties under § 901(b). Asher v. Abbott Labs., 737 N.Y.S.2d 4, 4 (App. Div. 1st Dep't 2002) (holding that an action under the Donnelly Act could not be maintained as a class action because the statute provided for a mandatory penalty, "the recovery of which in a class action is not specifically authorized and the imposition of which cannot be waived.") (emphasis added); Cox v. Microsoft Corp., 737 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2002) (finding that treble damages are penal in nature and mandatory, and thus refusing to allow a class action under CPLR § 901(b)). See also Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mem.") at 6-7. This Court should follow Asher and Cox, and hold that the requirement of mandatory damages in the event that a willful violation is proven cannot be waived. See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 344 F.3d 211, 221 (2d Cir. 2003) (federal courts are bound to apply state law as interpreted by the state's intermediate appellate courts absent persuasive evidence that the state's higher court would reach a different conclusion).

In an attempt to show that the mandatory liquidated damages provision of § 198 is waivable, Plaintiff relies heavily on Pesantez v. Boyle Environmental Services., Inc.,

---

[1] Plaintiff argues that because the word "shall" is followed by the word "allow" in § 198, it does not create a mandatory penalty. Pl. Opp. at 21. Numerous federal courts interpreting the words "shall allow" together have, however, routinely determined that the action prescribed therein is mandatory. For example, federal courts have held that an award of attorneys' fees is mandatory under the Fair Labor Standards Act ("FLSA") based on the following language contained in 29 U.S.C. § 216(b): "The court in such action **shall ... allow** a reasonable attorney's fee to be paid...." See Grochowski v. Ajet Constr. Corp., No. 97-CIV 6269(NRB), 2002 WL 465272, at *1 (S.D.N.Y. 2002) (finding that attorneys' fees are mandatory under § 216(b)); LeTourneau v. Pan Am. Fin. Servs., Inc., No. 97-3543, 1998 WL 538130, at *2 (7th Cir. 1998) (same); Luther v. Z. Wilson, Inc., 528 F. Supp. 1166, 1176 (S.D. Ohio 1981) (same).

2

673 N.Y.S.2d 659 (App. Div. 1st Dep't 1998), which, upon close inspection, is unpersuasive. Pesantez contains only a single sentence in *dicta* regarding waiver. Accordingly, it does not address at all the mandatory nature of the liquidated damages provision. Further, Pesantez expressly relied on Super Glue Corp. v. Avis Rent A Car System, Inc., 517 N.Y.S.2d 764 (App. Div. 2d Dep't 1987), a case that indisputably concerns a discretionary remedy rather than a mandatory penalty. It is clear from the case law cited herein and in Defendants' moving brief that, unlike a discretionary penalty, mandatory penalties cannot be waived. See Rubin, 1999 WL 1425364, at *4 (distinguishing the damages section of the General Business Law at issue in Super Glue as discretionary, in contrast to relevant provisions of the Donnelly Act). Moreover, the decision in Pesantez predates by four years the First Department's rulings in Asher and Cox. Consequently, insofar as Pesantez reaches a different result than the court did in its well-reasoned decisions in Asher and Cox concerning the § 901(b) waiver issue, Pesantez should not be followed.[2]

In addition, although Plaintiff asserts that a waiver has occurred, the allegations in his Amended Complaint betray this assertion and confirm that there has been no real waiver at all. Specifically, in order for Plaintiff's argument to even be considered, any waiver must be complete, and must waive everything concerning willfulness, including any damages under state and federal law that could flow from proving that a willful violation occurred. To the contrary, however, Plaintiff continues to seek a finding of willfulness, and the extended statute of

---

[2] The other cases relied on by Plaintiff – Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001); Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351 (S.D.N.Y. 1999); Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006); Mascol v. E&L Transp. Inc., No. 03-3343, 2005 WL 1541045 (E.D.N.Y. June 29, 2005); Noble v. 93 Univ. Place Corp., 224 F.R.D. 330 (S.D.N.Y. 2004); and Smellie v. Mt. Sinai Hosp., No. 03-CIV-0805, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004) – are all federal district court cases purporting to interpret state law. As such, they must yield to Asher and Cox. See Philip Morris USA Inc., 344 F.3d at 221. Also, Ansoumana and Brzychnalski were decided *before* Asher and Cox, and Lee, Mascol, Noble and Smellie are unpersuasive in light of their failure to consider or even mention Asher or Cox or the issue of mandatory penalties.

3

limitations and damages that would follow from such a finding. Amended Complaint ¶ 53 ("Defendants' failure to pay overtime wages to plaintiff and the Class as well as defendants' improper deductions from the compensation of plaintiff and the Class <u>were willful</u> and intentional.") (emphasis added). In fact, Plaintiff <u>specifically amended his Complaint to include an allegation of willfulness</u>. <u>Id.</u> Compare Paragraph 53 of Amended Complaint against pp. 10-11 of the Original Complaint, dated May 5, 2006, Docket Entry No. 1. Because Plaintiff brings claims under a statute that mandates a penalty upon a finding of willfulness, and because he continues to prosecute a claim and action that seeks that exact finding, he has not waived that penalty and cannot circumvent the dictates of § 901(b).

Moreover, although Plaintiff purports to waive his claim for penalties under § 198, Plaintiff does not claim to have waived, and expressly still seeks, a finding of willfulness under the FLSA. <u>See</u> Amended Complaint ¶ 53, Prayer for Relief ¶ 9. Plaintiff also seeks a three year statute of limitations period which is only available in the event a willful violation of the FLSA is proven. Amended Complaint ¶ 1 (seeking a period back to May 5, 2003). <u>See</u> 29 U.S.C. § 255(a) (2006) (permitting an extra (third) year of statute of limitations under the FLSA where the violation is "willful"). In order to waive his claim for liquidated damages under the FLSA, Plaintiff would need to withdraw his willfulness allegation and forego not only liquidated damages, but also abandon the three-year statute of limitations. Plaintiff clearly has not waived such claims.

CPLR § 901(b) is <u>not</u> limited, however, to only state statutes, and, to the contrary, applies to actions brought under federal statutes as well. Thus, because Plaintiff still seeks <u>in this action</u> liquidated double damages and a third year of damages under the FLSA based on a finding of willfulness, this "action ... may not be maintained as a class action." N.Y. CPLR § 901(b)

4

(2006). See, e.g., Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc., 799 N.Y.S.2d 795, 798 (App. Div. 2d Dep't 2005) (affirming dismissal of complaint under 901(b) because the federal statute under which the claim was brought, 29 U.S.C. § 227, allowed a minimum measure of recovery and did not specifically authorize recovery through a class action); Giovanniello v. Hispanic Media Group USA, Inc., 799 N.Y.S. 2d 800 (App. Div. 2d Dep't 2005) (same); Leyse v. Flagship Capital Servs. Corp., 803 N.Y.S. 2d 52 (App. Div. 1st Dep't 2005) (same).

Finally, even if Plaintiff could waive the mandatory penalty under the New York Labor Law, and had actually waived liquidated damages and a third year of liability under the FLSA, Plaintiff and his counsel cannot waive such damages on behalf of absent class members and still serve as adequate class representatives. Many courts have held – including in the specific context of purported class claims for overtime like those brought by Plaintiff here – that plaintiffs may not serve as adequate class representatives where plaintiffs and their counsel are willing to waive class members' statutory right to liquidated damages or other mandatory penalties. See, e.g., Foster v. Food Emporium, No. 99 CIV 3860, 2000 WL 1737858, at *3 n.3 (S.D.N.Y. Apr. 26, 2000) ("Attempts by plaintiffs to get around CPLR 901(b) by waiving the liquidated damages remedy have been rejected by courts as undermining putative lead plaintiffs' ability to represent others who have a statutory right to the remedy."). See Def. Mem. at 9-10.

Because Plaintiff cannot waive a mandatory penalty, because he is not waiving a finding of willfulness from which liquidated damages flow, and because a waiver would render him and his counsel inadequate class representatives, Plaintiff's state law class claim must be dismissed.

### III. THE REA PRECLUDES PLAINTIFF FROM BRINGING HIS STATE OVERTIME CLAIM AS AN OPT-OUT CLASS ACTION.

Plaintiff argues that: (1) Section 216(b) of the FLSA does not apply to claims brought under New York law, so there is no conflict; and (2) Section 216(b) "is procedural" and,

therefore, regardless of Congressional intent, its abrogation by Rule 23 would not violate the REA. These positions are without merit.

### A. Every Recent Decision Has Concluded That Section 216(b) Irreconcilably Conflicts With Rule 23 In The Context Of Plaintiff's New York Labor Law Overtime Class Claim.

Congress passed Section 216(b) in order to prevent wage and hour class actions "not brought with the actual consent or agency of the individuals for whom an ostensible plaintiff filed the suit." See, e.g., 93 Cong. Rec. 2182 (1947). If Plaintiff is allowed to pursue a Rule 23 class claim under 12 N.Y.C.R.R. § 142-2.2, which incorporates the overtime provisions of the FLSA, it would directly contravene this Congressional intent.[3]

Numerous courts have recognized this conflict and have repeatedly disallowed state opt-out wage and hour claims in the context of a simultaneous FLSA action. See Def. Mem. at 17-19. In fact, yet another court has agreed in a decision issued after Ryan Beck filed its moving papers. The court in Otto v. Pocono Health System, No. 06-CV-1186, 2006 WL 3059924 (M.D. Pa. Oct. 27, 2006), granted defendant's motion to dismiss the Plaintiff's state law class action claim due to the conflict with the FLSA's opt-in requirement. The court held:

> It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would not have their rights litigated without their input and knowledge. To allow an [sic] Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.

---

[3] Plaintiff suggests that Defendants do not argue that it would be improper for Plaintiff's New York Labor Law overtime claims to proceed as a class action in New York state court, despite the fact that it would have the same *res judicata* effect. Pl Opp. at 8. To the contrary, if Plaintiff joined an FLSA action with a state law class action in state court the class claims would still be barred because it would subvert the will of Congress to prevent opt-out representative class actions for overtime pay, in addition to the reasons set forth in Section II, supra. Changing the forum would not change the problem.

6

2006 WL 3059924, at *2.[4] Plaintiff has not cited a single case holding contrary to Otto or to the similar recent decisions previously cited by Defendants.[5]

Plaintiff also argues that Congress had no problem with states enacting wage and hour laws that provide greater protection than the FLSA. Pl. Opp. at 7. Defendants do not dispute, however, that a state can pass an overtime law with greater benefits than the FLSA, or that a plaintiff can pursue an individual claim for overtime under the FLSA and the governing state law. However, the adjudication of Plaintiff's state law claim <u>as an opt-out class action</u> while simultaneously attempting to prosecute an FLSA collective action on behalf of an identical group of individuals interferes with the objectives and intent of Congress in specifically banning representative class actions for overtime pay, and in requiring plaintiffs asserting such claims to affirmatively "opt in" to such lawsuits. Congress intended to preclude both an employee and an employer from being bound by a judgment as to their rights and obligations under the FLSA unless the employee was a party plaintiff in the litigation – and not as an absent class member.

---

[4] The court in Otto relied, in part, on the decision of the United States District Court for the District of New Jersey in Moeck v. Gray Supply Corp., No. 03-1950, 2006 WL 42368 (D.N.J. Jan. 6, 2006). Plaintiff's attempt to distinguish Moeck is unavailing. Contrary to Plaintiff's argument that Moeck should not be followed because it contains no analysis or basis for its holding, Moeck relied on § 216(b) and cited two cases in support of its conclusion that allowing a plaintiff to circumvent the FLSA's opt-in requirement by bringing a state wage and hour class action would undermine Congressional intent: McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D. Ill. 2004), and Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989). Moreover, the New York cases cited by Plaintiff as contradicting Moeck, in fact, do not even address the irreconcilable conflict issue because the argument was not raised by the defendants in those cases. See Scholtisek v. Eldre Corp, 229 F.R.D. 381, 391 (W.D.N.Y. 2005) (granting plaintiff's motion to certify state wage and hour class claims, where defendant only argued that the court should not exercise supplemental jurisdiction over state claims because of novel issues of state wage and hour law, possible confusion, and failure to meet Rule 23 requirements); Noble, 224 F.R.D. at 346 (granting plaintiff's motion to certify state class wage and hour claims on liability, where defendant only argued that the state claim was barred by CPLR § 901 because it sought liquidated damages); Ansoumana, 201 F.R.D. at 95 (granting plaintiff's motion to certify state class wage and hour claim, where defendant only argued that the state class was insufficiently numerous or typical, and that supplemental jurisdiction was improper based on novel issues of state law, CPLR § 901 and possible confusion). None of those cases address Defendant's REA argument. Plaintiff also claims that these cases stand for the proposition that the FLSA does not preempt state wage and hour class claims, but in none of those cases was the preemption issue raised or actually addressed by the court.

[5] Plaintiff cites Eastern Sugar Associates v. Pena, 222 F.2d 934 (1st Cir. 1955), for the proposition that nothing in the FLSA was intended to prohibit state law class actions. However, Pena discusses only the legislative history of Section 6 of the FLSA, and Congressional statements that the FLSA <u>statute of limitations</u> is not intended apply to state claims. There is no similar legislative history or language regarding Section 216(b).

7

See 29 U.S.C. § 216(b). The Court cannot adjudicate Plaintiff's alleged state overtime claim as an opt-out class action without interfering with this clear, considered Congressional judgment.

Finally, Plaintiff's argument that § 216(b) "does not apply to Plaintiff's New York claims" (Pl Opp. 5-6) is a red herring. It is undisputed that Plaintiff simultaneously seeks to bring <u>one</u> <u>action</u> under the New York Labor Law, <u>and</u> under the FLSA to which § 216(b) clearly applies. As Plaintiff admits, "FLSA § 216(b) simply prohibits an employee from being a plaintiff <u>in</u> <u>an</u> <u>action</u> for violations…of the FLSA without written consent. Pl. Opp. at 6 (emphasis added). That Plaintiff has a separate <u>claim</u> in this <u>action</u> arising under New York state law does not negate the applicability of § 216(b).

### B. Section 216(b) Of The FLSA Creates Substantive Rights.

Contrary to Plaintiff's contention, Section 216(b) is not merely a procedural provision because it endows each individual with the substantive rights to choose when, where and how to litigate his or her wage and hour claim and to not be bound if they chose to take no action, and creates a corresponding substantive right that an employer not have to defend against a claim being brought on behalf of an individual without that individual's written consent. <u>See, e.g.</u>, <u>DeAsencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 310 (3d Cir. 2003) ("aggregation of claims, particularly as class actions, profoundly affects the <u>substantive</u> <u>rights</u> of the parties to the litigation") (emphasis added). In the absence of consideration of an REA argument, or a full analysis of whether a substantive/procedural distinction exists, the mere use of the term "procedures" in actions discussing § 216(b) by some courts (such as those cited by Plaintiff) is not meaningful. See <u>McLaughlin v. Boston Harbor Cruise Lines, Inc.</u>, 419 F.3d 47 (1st Cir. 2005) (analyzing the "seaman" exemption); <u>Lindsay v. Government Employees Ins. Co.</u>, 448 F.3d 416, 424 (D.C. Cir. 2006) (analyzing supplemental jurisdiction over state claims and whether expressly prohibited by federal statute); <u>Garcia v. Tamir</u>, No. 99-0298, 1999 WL

587902, at *4 (S.D.N.Y. Aug. 4, 1999) (analyzing Colorado River abstention standard); Snair v. Clearwater, 787 F. Supp. 1401, 1406 n.8 (M.D. Fla. 1992) (analyzing whether pension plan was exempt from ADEA).[6] Not one of these decisions holds that § 216(b) does not confer multiple substantive rights.

Plaintiff also suggests that the conflict between Rule 23 and Section 216(b) cannot affect any putative class member's rights because an individual who does not wish to be bound by the state court claim can merely opt-out. At a minimum, however, this does not cure the employer's substantive right not to be forced to defend an action against a large putative class in direct contravention of the intent of Congress. Def. Mem. at 15. See also Arrington v. Nat'l Broadcasting Co., 531 F. Supp. 498, 503 (D.D.C. 1982) (finding that the FLSA was amended to solve the national crisis arising out of the use of representative actions). The only case cited by Plaintiff on this point – Williamson v. General Dynamics Corp., 208 F.3d 1144, 1154 (9th Cir. 2000) – does not address this problem or Section 216(b) at all. Moreover, courts have stressed that the ability to opt-out of a class is insufficient to protect the substantive rights of putative class members. See Small v. Lorillard Tobacco Co., 679 N.Y.S.2d 593, 601-02 (App. Div. 1st Dep't 1998) ("The ability to opt out of the class is insufficient to protect the rights of putative class members who would want to seek remedies other than those chosen by the representatives.")(citations omitted). Therefore, under the Rules Enabling Act, Plaintiff's New York class overtime claims must be dismissed because of their irreconcilable conflict with Section 216(b).

---

[6] Moreover, if such inconsequential *dicta* were relevant, there are numerous cases describing the "substantive requirements of 29 U.S.C. § 216(b)" outside of the REA context. See, e.g., Richards v. Computer Sciences Corp., No. 03-CV-630, 2004 WL 3517039, at *3 (D. Conn. Sept. 28, 2004) (discussing Section 216's "substantive" requirements for notice); Torres v. CSK Auto, Inc., No. 03-CV-113, 2003 WL 24330020, at *1 (W.D. Tex. Dec. 17, 2003) (same); Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 219 (D. Conn. 2003) (same).

9

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's purported class action under the New York State Labor Law be dismissed as a violation of CPLR § 901(b) and the REA.

Dated: New York, New York
November 13, 2006

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: s/ Christopher A. Parlo
    Christopher A. Parlo (CP 4310)

Tamara Garnes Mata (TM 8051)
101 Park Avenue
New York, NY 10178
(212) 309-6000
Fax: (212) 309-6001
E-Mail: cparlo@morganlewis.com
         tmata@morganlewis.com

Doreen S. Davis (*admitted Pro Hac Vice*)
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
Fax: (215) 963-5001
E-Mail: dsdavis@morganlewis.com

Christopher K. Ramsey (*admitted Pro Hac Vice*)
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
(412) 560-3300
Fax: (412) 560-7001
E-Mail: cramsey@morganlewis.com

Attorneys for Defendants Ryan Beck & Co., Inc. and Ryan Beck Holdings, Inc.