```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                                  06 Civ. 3460 (WCC)
ROBERT KLEIN, individually and on       :
behalf of all others similarly situated,          ECF CASE
                                        :
              Plaintiff,
                                        :
       - against -
                                        :         OPINION
                                                  AND ORDER
RYAN BECK HOLDINGS, INC. and RYAN BECK
& CO., INC.,                            :

              Defendants.               :

- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

|  |  |
|---|---|
|  | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
|  | 270 Madison Avenue |
|  | New York, New York 10016 |
| JEFFREY G. SMITH, ESQ. |  |
| ROBERT ABRAMS, ESQ. | - and - |
| Of Counsel |  |
|  | MURRAY FRANK & SAILER, LLP |
|  | 275 Madison Avenue, Ste. 801 |
|  | New York, New York 10016 |
| JACQUELINE SAILER, ESQ. |  |
| Of Counsel | **Attorneys for Plaintiff** |
|  | MORGAN, LEWIS & BOCKIUS LLP |
|  | 101 Park Avenue |
|  | New York, New York  10178 |
| CHRISTOPHER A. PARLO, ESQ. |  |
| TAMARA GARNES MATA, ESQ. | - and - |
| Of Counsel |  |

**Copies E-Mailed to Counsel of Record**

-ii-

**A P P E A R A N C E S :   (continued)**

```
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        1701 Market Street
                                        Philadelphia, Pennsylvania 19103

DOREEN S. DAVIS, ESQ.
                                                    - and -
        Of Counsel

                                        MORGAN, LEWIS & BOCKIUS LLP
                                        One Oxford Centre, 32nd Fl.
                                        Pittsburgh, Pennsylvania 15219

CHRISTOPHER K. RAMSEY, ESQ.

        Of Counsel                      Attorneys for Defendants Ryan Beck
                                          Holdings, Inc. and Ryan Beck &
                                          Co., Inc.
```

**CONNER, Senior D.J.:**

Plaintiff Robert Klein brings this action against defendants Ryan Beck Holdings, Inc. and Ryan Beck & Co., Inc., contending that, while he was in defendants' employ, they: (1) failed to pay plaintiff and other similarly situated employees appropriate overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2 (2007); and (2) improperly deducted certain expenses from the wages of plaintiff and his coworkers in violation of N.Y. LAB. LAW § 193 (2007).[1] Plaintiff intends to pursue his federal claim as an opt-in collective action pursuant to § 216(b) of the FLSA,[2] and his state claims as an opt-out class action pursuant to FED. R. CIV. P. 23.[3] Defendants now move to dismiss plaintiff's state law

---

[1] N.Y. LAB. LAW § 193 provides in pertinent part:
(1) No employer shall make any deduction from the wages of an employee, except deductions which: (a) are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or (b) are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises.  Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

[2] 29 U.S.C. § 216(b) provides: "An action to recover [unpaid overtime compensation] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

[3] FED. R. CIV. P. 23(a) provides that, as a general matter, a plaintiff may prosecute an action on behalf of similarly situated individuals when:
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

class claims for failure to state a claim upon which relief may be granted, contending that: (1) N.Y. C.P.L.R. § 901(b) prevents the prosecution of class actions pursuant to laws that, like the ones at issue herein, authorize the awarding of liquidated damages; and (2) the use of Rule 23 instead of the FLSA's collective action procedures—even when adjudicating plaintiff's state law claims—would abridge both defendants' and prospective class plaintiffs' substantive rights in violation of the Rules Enabling Act ("REA"), 28 U.S.C. §§ 2072, *et seq.*[4]  For the reasons that follow, defendants' motion is denied.

## BACKGROUND

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court must "accept as true all [of plaintiff's] material factual allegations. . . ." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)).  Accordingly, the following factual background is derived from the allegations of plaintiff's Amended Complaint.

Plaintiff was employed by defendants as a securities broker from April 2002 to March 30, 2004.  (Am. Complt. ¶ 8.) Plaintiff's primary duties were selling securities to defendants' clients and "cold calling" potential investors to solicit their use of defendants' financial services.  (*Id.* ¶ 19.) Plaintiff received compensation in the form of commissions on sales, although defendants employed

---

[4] The REA provides in pertinent part:
The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrates thereof) and courts of appeals. . . .  Such rules shall not abridge, enlarge or modify any substantive right.  All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.
28 U.S.C. § 2072 (a)-(b).

other brokers on a salaried basis, based upon a forty-hour work week. (*Id.* ¶¶ 20-25.) No brokers were ever paid overtime for hours worked in excess of forty hours per week. (*Id.* ¶ 25.) Additionally, defendants deducted the cost of certain overheads—such as the cost of support staff and messenger services—from the compensation of commission brokers. (*Id.* ¶ 28.) Defendants also refused to compensate plaintiff and similarly-situated employees for expenses incurred in the performance of their job duties. (*Id.* ¶¶ 29-31.)

Plaintiff brought the present action, proposing to pursue his federal claims as a FLSA collective action and his state claims as a traditional class action pursuant to FED. R. CIV. P. 23. N.Y. LAB. LAW § 198 (1-a) provides:

> In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

Plaintiff does not allege that defendants' violations of state law were willful, and has waived his claim for liquidated damages.[5] (Am. Complt., Prayer for Relief, ¶ 9.) Defendants contend that such waiver is ineffective, arguing that the statute imposes *mandatory* liquidated damages upon a finding of willful misconduct, (Defs. Mem. Supp. Mot. Dismiss at 4) and claim that a class action is therefore improper, as N.Y. C.P.L.R. § 901(b) states that "an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." Defendants also contend that, because FED. R. CIV. P. 23 requires that potential class members opt out, it conflicts with the requirement of FLSA § 216(b) that potential plaintiffs

---

[5] Plaintiff's Amended Complaint does, however, allege that defendants willfully violated the FLSA. (Am. Complt. ¶ 53.)

expressly opt into the action and thus abridges the substantive rights of both defendants and potential plaintiffs in violation of the REA. Moreover, defendants argue, adjudication of the New York Labor Law claims in the form of a class action would have preclusive effect on the FLSA claims of any class member who did not opt into the FLSA collective action, which also would deprive that member of his substantive rights in violation of the REA. As detailed *infra*, we find each of defendants' arguments unpersuasive.

## DISCUSSION

As previously noted, on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all of the well pleaded facts and consider those facts in the light most favorable to the plaintiff. On such a motion, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)) (internal quotation marks omitted).

I.   **Plaintiff Can Avoid Operation of N.Y. C.P.L.R. § 901(b) by Waiving His Right to Liquidated Damages**

We first address defendants' argument that plaintiff may not validly waive his right to liquidated damages under New York Labor Law for the purpose of maintaining an otherwise-impermissible class action lawsuit. Of course, "[s]tate law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear . . . ." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940). Although it has yet to be

addressed by the New York Court of Appeals, the few courts to have addressed the issue have generally agreed that a plaintiff can avoid application of § 901(b) by waiving his right to liquidated or punitive damages.

>   As Judge McMahon stated in a similar case:
>
>   Defendants contend that Rule 23 class certification should be denied because New York Labor Law does not permit class actions claiming liquidated damages unless expressly provided for by the statute giving rise to the cause of action. *See* N.Y. C.P.L.R. § 901(b). This argument has been repeatedly rejected by the courts. *See Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 353 (S.D.N.Y. 1999); *Torres v. Gristede's Operating Corp.*, [No. 04 Civ. 3316,] 2006 U.S. Dist. LEXIS 74039, at *56 (S.D.N.Y. Sept. 28, 2006). New York law allows plaintiffs to waive their liquidated damages claim for overtime wage class actions "as long as putative class members are given the opportunity to opt out of the class in order to pursue their own liquidated damages claims."

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373-74 (S.D.N.Y. 2007). Similarly, several other decisions of the United States District Courts for the Southern and Eastern Districts of New York, as well as three decisions of the Appellate Division, are consistent with the holding in *Iglesias-Mendoza*. *See Mascol v. E&L Transp., Inc.*, No. CV-03-3343, 2005 U.S. Dist. LEXIS 32634, at *26-27 (E.D.N.Y. June 30, 2005) ("New York law does, however, allow for the waiver of liquidated damages claims for class action claims for overtime wages as long as putative class members are given the opportunity to opt out of the class in order to pursue their own liquidated damages claims.") (citations omitted); *Smellie v. Mount Sinai Hosp.*, No. 03 Civ. 0805, 2004 U.S. Dist. LEXIS 24006, at *15 (S.D.N.Y. Nov. 29, 2004) ("Courts in this District have held that a class action seeking damages for violations of the wage provisions of New York's Labor Law can be maintained if no liquidated or punitive damages are sought."); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 88 (S.D.N.Y. 2001) ("Those aggrieved by a willful violation of the New York Minimum Wage Act may recover liquidated damages equivalent to twenty-five per cent of unpaid

wages found to be due them. . . . However, they cannot do so as part of a class action. *See* N.Y. C.P.L.R. 901(b). Hence, those affected must be given an option: to gain the convenience of class membership, or opting-out and suing individually.") (citation omitted; footnote omitted); *Brzychnalski*, 35 F. Supp. 2d at 353 ("[E]ven if plaintiffs cannot seek liquidated damages on a class basis, they may waive that right and still proceed on a class basis with respect to their remaining claims, as long as prospective class members have the right to opt-out of the class action to preserve their claims for liquidated damages."); *Cox v. Microsoft Corp.*, 8 A.D.3d 39, 40, 778 N.Y.S.2d 147 (1st Dep't 2004) ("We also reject [defendant's] argument that plaintiffs are not entitled to class action relief under General Business Law § 349 since the statutorily prescribed $50 minimum damages to be awarded for a violation of that section constitutes a 'penalty' within the meaning of CPLR 901(b). Inasmuch as plaintiffs in their amended complaint expressly seek only actual damages, the motion court correctly found CPLR 901(b), which prohibits class actions for recovery of minimum or punitive damages, inapplicable . . . ."); *Pesantez v. Boyle Envtl. Servs., Inc.*, 251 A.D.2d 11, 12, 673 N.Y.S.2d 659 (1st Dep't 1998) (permitting class action where plaintiff waives claim for punitive damages and noting that: "To the extent certain individuals may wish to pursue punitive claims[,] . . . which cannot be maintained in a class action[,] . . . they may opt out of the class action . . . ."); *Super Glue Corp. v. Avis Rent A Car Sys., Inc.*, 132 A.D.2d 604, 606, 517 N.Y.S.2d 764 (2d Dep't 1987) ("Although CPLR 901 (b) bars a class action to recover a penalty or minimum damages imposed by statute, where, as here, the statute does not explicitly authorize a class recovery thereof, the named plaintiff in a class action may waive that relief and bring an action for actual damages only . . . .").

      Defendants argument to the contrary is principally based on *Asher v. Abbott Laboratories*,

290 A.D.2d 208, 208, 737 N.Y.S.2d 4 (1st Dep't 2002), which states: "[T]he treble damages remedy provided in General Business Law § 340 (5) is a 'penalty' within the meaning of CPLR 901 (b), the recovery of which in a class action is not specifically authorized and the imposition of which cannot be waived . . . ." We note, as did the *Smellie* court, that N.Y. GEN. BUS. LAW § 340(5), the provision at issue in *Asher*, differs from N.Y. LAB. LAW § 198(1-a) in that it imposes a *mandatory* penalty, whereas § 198 merely *allows* the recovery of liquidated damages. *Contrast* N.Y. GEN. BUS. LAW § 340(5) ("[A]ny person who shall sustain damages by reason of any violation of this section, shall recover three-fold the actual damages sustained thereby[] . . . .") *with* N.Y. LAB. LAW § 198(1-a) ("In any action instituted upon a wage claim . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due."); *see also Smellie*, 2004 U.S. Dist. LEXIS 24006, at *16 n.12 ("The penalty provision of section 349(h), like that of Labor Law 198(1-a), turns on a finding of wilfulness. Nothing in *Pesantez* or related caselaw, or in either statute, indicates that a plaintiff cannot chose to forego the opportunity to prove wilfulness and thus, in effect, waive the penalty provision. These statutes are thus unlike the Donnelly Act provision that was held unwaivable in *Asher* . . . . That provision, section 340(5) of the General Business Law, requires the award of treble damages upon a finding of a statutory violation, and thus is 'mandatory, *i.e.*, not discretionary or contingent upon a finding of bad faith.'"). Accordingly, we hold that plaintiff may waive his right to liquidated damages in order to preserve his right to maintain a class action, provided that, as Judge McMahon noted, "putative class members are given the opportunity to opt out of the class in order to pursue their own liquidated damages claims." *Iglesias-Mendoza*,

239 F.R.D. at 374 (internal quotation marks omitted; citation omitted).

Moreover, contrary to defendants' contentions, plaintiff's waiver of liquidated damages does not render him an inadequate class representative. As the foregoing federal and state cases demonstrate, waiver of liquidated damages—far from being a hindrance to adequate representation—is a *prerequisite* to the bringing of a class action under the applicable provisions of New York Labor Law. *See Smellie*, 2004 U.S. Dist. LEXIS 24006, at *15-16 ("It is well within the range of permissible practical and strategic choices for a plaintiff to choose to join a class action seeking actual damages only, rather than undertake the efforts and transaction costs of seeking to pursue an individual action for actual and liquidated damages[] . . . ."). As long as potential plaintiffs are apprised of their right to pursue individual actions and informed that their joining the class will forfeit their right to recover liquidated damages, no harm results from the waiver.

## II. The REA Does Not Prohibit Plaintiff From Simultaneously Pursuing a Rule 23 Class Action and FLSA Collective Action

Defendants also contend that the REA bars Rule 23's application to plaintiff's state law claims because: (1) bringing the state law claims as an opt-out class action abridges the substantive rights guaranteed to both employers and employees under the FLSA to have employment cases tried by opt-in collective action; and (2) adjudicating the state law claims of putative class members would have preclusive effect on their FLSA claims despite the fact that they had not opted into the collective action, thereby contravening the FLSA's provision that the rights of non-parties remain unaffected. (*See* Defs. Mem. Supp. Mot. Dismiss at i.) Neither of defendants' arguments is availing.

The REA, 28 U.S.C. § 2072 provides: "(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States

8

district courts (including proceedings before magistrate judges thereof) and courts of appeals. (b) Such rules shall not abridge, enlarge or modify any substantive right. . . . " As the plain language of the REA indicates, application of a rule of procedure must be suspended if, under the circumstances of a particular case, it goes beyond procedure and practice and affects a substantive legal right of a party to the litigation.  In the present case, defendants contend that allowance of plaintiff's state law claims to proceed by traditional class action infringes both their substantive rights and the substantive rights of the prospective plaintiffs to have the matter tried as a collective action.  We disagree.

> We begin by noting, as has the United States Supreme Court, that:
>
> [A]ny Rules Enabling Act challenge . . . has a large hurdle to get over.  The Federal Rules of Civil Procedure are not enacted by Congress, but Congress participates in the rulemaking process. . . .  Additionally, the Rules do not go into effect until Congress has had at least seven months to look them over. . . .  A challenge . . . can therefore succeed only if the Advisory Committee, this Court, and Congress erred in their *prima facie* judgment that the Rule . . . transgresses neither the terms of the Enabling Act nor constitutional restrictions. . . .  This Court's decision in *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987), presents another hurdle. There, the Court considered the Act's proscription against interference with substantive rights and held, in a unanimous decision, that Rules which *incidentally* affect litigants' substantive rights do not violate this provision if reasonably necessary to maintain the integrity of that system of rules.

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1991) (internal quotation marks omitted; citations omitted; emphasis in original).

As plaintiff correctly observes, the FLSA's collective action mandate applies only to actions brought pursuant to the FLSA—not to employment law actions generally.  *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [secion 6, 7 or 15(a)(3) of the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and

9

other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. . . ."). The FLSA contains no provision preempting other methods of prosecuting *state law* employment litigation. Indeed,

> Congress' intent to allow state regulation to coexist with the federal scheme can be found in § 18(a) of the FLSA, which explicitly permits states to mandate greater overtime benefits. *See* 29 U.S.C. § 218(a). . . . [E]very Circuit that has considered the issue has reached the same conclusion—state overtime wage law is not preempted by . . . the FLSA.

*Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991). Given the limited scope of the FLSA's opt-in collective action mandate and the Second Circuit's explicit holding that state employment causes of action may coexist with the FLSA, we cannot conclude that permitting plaintiff to pursue his state law claims under Rule 23 would "abridge, enlarge or modify" any right granted by the FLSA, for they undoubtedly could be prosecuted in state court via a similar mechanism. *Compare* N.Y. C.P.L.R. § 901(a) ("One or more members of a class may sue or be sued as representative parties on behalf of all if: (1) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (2) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy."); *with* FED. R. CIV. P. 23(a) ("One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.").

Moreover, we reject defendants' argument that their "substantive right to litigate claims for unpaid overtime only against individuals who [opt into the FLSA action]" (Defs. Mem. Supp. Mot. Dismiss at 15) would be violated by allowance of plaintiff's state law claims to proceed as a class action. The FLSA guarantees merely that all collective actions brought *pursuant to it* be affirmatively opted into. It does guarantee that employers will never face traditional class actions pursuant to state employment law. *See Overnite Transp.*, 926 F.2d at 222 ("[E]very Circuit that has considered the issue has reached the same conclusion—state overtime wage law is not preempted by . . . the FLSA.").

The cases cited by defendants are not to the contrary, and either: (1) are actions solely pursuant to the FLSA, without corresponding state law claims, *see McGrath v. City of Phila.*, No. 92-4570, 1994 U.S. Dist. LEXIS 1495, at *1-3 (E.D. Pa. Feb. 10, 1994) (noting that, unlike traditional class actions, parties to FLSA collective actions must expressly opt in); (2) are brought pursuant to statutes that, unlike the New York state law at issue herein, *specifically incorporate* the FLSA's prohibition of opt-out class actions, *see LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 287 (5th Cir. 1975) (Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*.); or (3) state abstract legal principles that, although generally relevant to the matter, shed no light on the present issue, namely whether plaintiff may prosecute distinct federal and state claims in a single action under the rules applicable to their respective forms. *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 95 (S.D.N.Y. 2003) (cited by defendants for the principle that "in an FLSA collective action, only potential plaintiffs who 'opt in' can be 'bound by the judgment'

or 'benefit from it.'") (internal citation omitted).

Defendants' second REA argument—that plaintiff may not simultaneously pursue a collective action under the FLSA and a class action pursuant to FED. R. CIV. P. 23, because a decision rendered on the class action claims could have preclusive effect on FLSA claims—amounts to little more than a quarrel with the doctrine of *res judicata*.

> The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . *Res judicata* applies when: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.

*Hudson v. Universal Studios, Inc.*, No. 06-3337-cv, 2007 U.S. App. LEXIS 12519, at *2 (2d Cir. May 30, 2007).

Plainly, adjudication of either of plaintiff's claims could have preclusive effect on the other, and any notice sent to proposed class members must state that, although express assent is not necessary to join the state law class action, a plaintiff must both: (1) not opt into the FLSA collective action; and (2) opt-out of the Rule 23 class action in order to avoid being subsequently precluded from asserting his rights under the FLSA. Claim preclusion occurs not by application of FED. R. CIV. P. 23, but through wholly independent common law principles that apply no matter what procedural rules govern the proceeding. The claimed substantive right of a prospective plaintiff to avoid the consequences of *res judicata* after selecting not to opt into an FLSA collective action can be protected by opting out of the Rule 23 class action. If that is done, claim preclusion does not apply because the same party requirement has not been satisfied. No provision of the FLSA bars the application of *res judicata* when the same party requirement *is* satisfied, as would be the case when a person allows his state law claims to be adjudicated in a Rule 23 class action.

## CONCLUSION

For all of the foregoing reasons, the motion of defendants Ryan Beck Holdings, Inc. and Ryan Beck & Co., Inc. to dismiss the state law class action claims of plaintiff Robert Klein is denied. No costs or fees shall be assessed against either party.

SO ORDERED.

Dated: White Plains, New York
      July 13, 2007

*William C. Conner*
Sr. United States District Judge